## BIGBEE *v.* HUTCHESON.

1. Where a suit was brought in a justice's court, which was dismissed, and thereafter the justice of the peace erased the dates appearing in the original summons, and, substituting therefor other dates, refiled such summons, thus making a new suit against the same defendant returnable to another term of the court; and where the defendant in such a case, being duly served with a copy of such summons, appeared, and, without exception to the summons or service, pleaded to the merits, such pleading was a waiver of any preceding irregularity, even if such proceeding upon the part of the justice could be deemed irregular; and more especially is this true where no question was made by the defendant upon such action of the justice of the peace until after the case upon appeal by the defendant from a judgment rendered against him in the justice's court was pending in the superior court.

2. Where the defendant moved to dismiss the case pending on appeal, upon the ground that the summons which was the basis of the original case in the justice's court was not an original, but an old summons reissued, and the judge of the superior court dismissed the case appealed, he did not err in reconsidering the judgment of dismissal and in reinstating the case upon the motion of the plaintiff.

May 11, 1896. Argued at the last term.

Appeal. Before Judge Kimsey. Lumpkin superior court. April term, 1895.

On December 5, 1892, suit on an account was brought to the January term, 1893, of a justice's court, which was held on January 6. The defendant was duly served. When the case came on for trial, the plaintiff dismissed

it, and on January 14, directed the justice to sue the defend-
ant again on the same account.   The justice took the orig-
inal summons used in the dismissed case, and so altered the
dates therein written as to make it bear date of January
14, and to be returnable on the 3d of March, 1893, that
is to the March term.   Defendant was served with a copy
of the summons as so altered (the copy however not showing
the alterations, and being apparently a copy of a new sum-
mons), and he appeared and pleaded.   Judgment was ren-
dered against him, and he appealed to the superior court.
There he moved to dismiss the case for want of a valid
summons on which to base it, and the motion was sustained.
On the same day the plaintiff moved to reinstate the case,
on the ground that defendant had submitted himself to the
jurisdiction of the justice's court, had filed a plea to the
merits, and had not in that court objected to the summons.
No rule *nisi* was prayed and none granted on this motion,
but defendant's counsel acknowledged service and waived
copy of the motion itself, without waiving rule *nisi*.   He
stated to the court that defendant would not appear on the
motion.   There was no evidence on the hearing of this
motion; but the court, on hearing argument by plaintiff's
counsel, sustained the motion and reinstated the case.   De-
fendant then filed a plea that, under the facts already stated,
the summons attached to the account sued on was null
and void.   The issue made by this plea was submitted to
the court without a jury.   It appeared from the testimony
of the justice, that he did not resign the summons on com-
mencing the second suit, but adopted the signature already
thereon; and that defendant made no objection to the sum-
mons in the justice's court.   Defendant testified that he
supposed, until the trial in the superior court, that a new
summons had been issued on the suit commenced in Jan-
uary.   The court overruled the plea, holding that inas-
much as defendant had pleaded to the merits in the jus-
tice's court, without raising any point upon the validity of

the summons, it was too late to raise the question upon appeal; and that the summons as altered had been adopted by the justice and made by him a new original summons, and had been so treated by him and the parties. In addition to his assignments of error on these rulings, and on the reinstatement of the case after it was dismissed, defendant contends that the justice had no authority to make a summons returnable to the March term, which was issued in time to be made returnable to the February term; and that the summons was void for this reason. Also, that defendant was not properly brought into court on the motion to reinstate.

*M. G. Boyd* and *H. H. Dean*, for plaintiff in error.
*R. H. Baker* and *Price & Charters*, contra.

ATKINSON, Justice.

Aside from expressing our disapproval of the irregular practice pursued by the magistrate in the present case, we do not deem it necessary to submit any further discussion of the questions made in the case than that which is stated in the head-notes preceding this opinion.

*Judgment affirmed.*