22135.   HAGINS v. HOWELL, Sheriff.

Argued September 9, 1963—Decided October 10, 1963.

*Robert S. Lanier, Neville & Neville, W. G. Neville,* for plaintiff in error.

*Allen & Edenfield,* contra.

MOBLEY, Justice. ■ Hagins seeks by this suit in equity to collaterally attack the judgment and order of the justice court upon four grounds, each ground alleged to be sufficient to render the judgment and order void. First, he alleges that *Code* § 72-201, under which the proceeding in the justice court was brought, required Clifton's petition to the justices to be served by a constable whereas it was served by a deputy sheriff and that this renders the judgment and order of the justices void. We notice in passing that *Code* § 72-201 nowhere refers to service of process by a constable, that *Code* § 24-817 provides that constables shall serve processes of justice courts, and that *Code* § 24-2818 provides that sheriffs or their deputies may serve justice court processes, but we do not dispose of this ground upon that basis. "Appearance and pleading shall be a waiver of all irregularities of the process, or of the absence of process, and the service thereof." *Code* § 81-209. When Hagins appeared and answered Clifton's petition in the justice court and then and there failed to raise the question of service, he waived all irregularities in the service, if any. *Bigbee v. Hutcheson,* 99 Ga. 398 (1) (27 SE 732).

■ Hagins' petition next asserts that the judgment and order of the justices are void because they do not follow the pleadings and are too vague and indefinite for enforcement. The petition of Clifton filed in the justice court alleges that he and Hagins own adjacent farms in the 48th G. M. District of Bulloch County, Ga.; that a branch of a public road known as the Oliver-Halcyondale Road traverses the two farms; that Hagins erected a fence across the road in two locations, blocking its use. The judgment of the justice court refers to the case in which it was rendered and orders that the nuisance therein complained of be abated and suppressed. The order to abate the nuisance directed to the Sheriff of Bulloch County, Ga., refers to the case, the verdict and judgment therein, and directs the removal

of the fence maintained by Hagins on Oliver-Halcyondale Road in the 48th G. M. District of Bulloch County; Ga. The judgment and order follow the petition, see *Bentley v. Still*, 198 Ga. 743 (32 SE2d 814), and are not too vague and indefinite for enforcement. See *Barnes v. Cheek*, 84 Ga. App. 653, 655-56 (67 SE2d 145).

■ Hagins' petition also alleges that the judgment and order of the justices are void because *Code* § 72-201, under which the abatement proceeding was brought by Clifton, required the judgment and order to be signed by "any two or more justices of the peace of the county," whereas the judgment and order were signed by one justice of the peace and one notary public ex officio justice of the peace rather than by two justices of the peace. This ground is manifestly without merit. *Code* § 72-201 must be read in conjunction with *Code* §§ 24-501, 24-502, and 24-503 such that ex officio justices of the peace as defined by the latter sections are included within the term "justices of the peace" as used in the former section.

■ The remaining ground of attack is also wholly lacking in merit. Hagins insists that the judgment and order are void because Clifton's petition was addressed to two named justices of the peace whereas the judgment and order were signed by one of those two justices and another justice to whom the petition was not addressed and there was no order substituting the justice who served for the justice who did not serve. The case was tried before the two justices without any objection from either party. Having thus consented to the substitution of the one justice for the other, Hagins will not thereafter be permitted to object thereto. *Vaughn. v. Strickland*, 108 Ga. 659, 660 (2) (34 SE 192).

*Judgment affirmed. All the Justices concur.*