## DeGive *vs.* Seltzer.

The obstruction of any part of a twenty-foot alley dedicated to the use of the grantees of the lots adjoining the said alley by a common grantor, who divided the block lying between four public streets by said alley for the convenience of all the grantees, by the erection of two privies thereon projecting two feet and four inches into the alley, and each six feet wide, is a nuisance; and a court of equity, at the instance of one of said grantees, the windows of some of the bed rooms of whose private residence overlook said alley, will restrain another grantee from the erection of said privies upon the alley, to the unobstructed use of the whole of which alley both grantees are tenants in common. The city council has no legal authority to authorize said obstruction to be made, and from the nature of the case, if the buildings were finished the damage could not be estimated in money, and injunction is the only adequate remedy.

Equity. Injunction. Nuisance. Municipal corporations. Before Judge HILLYER. Fulton County. At Chambers. October 21, 1879.

In 1862 one Lewis owned a block in the city of Atlanta. In order to sell it to the best advantage, he laid out an alley running through the block, and sold the land in lots, the deeds specifying that the lots extended to the alley, but saying nothing of the uses to which it was dedicated. Whether it was a public or private alley was somewhat in dispute; Lewis and the real estate agent who laid out the alley swore that it was laid out solely for the benefit of

those who purchased the lots; while, on the other hand, it appears that the city of Atlanta had laid sewers in the alley and exercised other like control over it. DeGive owned buildings on one side of the alley, Seltzer on the other. De-Give began the erection of two privies in the rear of his buildings, having first obtained permission from the city council of Atlanta to erect them temporarily until the sewer near by should be lowered, as it was the intention of the city that it should be; then he intended removing the privies to the basement of the buildings, the sewer not being low enough for that purpose until changed. These privies were so constructed as to extend about two and a half feet into the alley, and were six feet wide. Seltzer filed his bill to enjoin their erection, alleging that they would be a nuisance to himself and family, who lived diagonally across the alley. DeGive answered, denying that they would be a nuisance to Seltzer or his family, and setting up the permission obtained from council, and that the construction of the privies would be such as not to be offensive in any way. Defendant also alleged that there were several other privies as near or nearer to complainant's house; likewise a fire-engine house and stable, and a cow-stall belonging to complainant.

On the question of whether the privies were so located as to be a nuisance, of necessity, to complainant and his family, the bill, answer and affidavits were somewhat conflicting.

The chancellor granted the injunction, and defendant excepted.

D. F. & W. R. HAMMOND, for plaintiff in error.

HOPKINS & GLENN, for defendant.

JACKSON, Justice.

This seems to have been a naked attempt on the part of the plaintiff in error to appropriate to his individual use an alley common to all the owners of lots in the block which

DeGive ve. Seltzer.

the alley divided. Defendant in error applied for an injunction on the ground that the appropriation of the common alley to the erection of two privies therein six feet long and some two and a half feet deep, was a nuisance to himself and family, some of the bed-rooms of whose dwelling overlooked the alley, and would render the privies a standing nuisance if completed. The chancellor enjoined the erection of the privies. We think that he was clearly right. It matters not how beautifully or neatly erected, nor how soon they might be superseded by privies in basements hid from view, the very sight of such a building is distasteful, and when put up in an alley common to others, is a nuisance to one situated as the complainant is. If defendant had put up the privies on his own land which he held in severalty, then the beauty of the temples and the absence of disagreeable odors might draw the sting of the obnoxious view ; but when he undertook to put them up in an alley dedicated by the common grantor to his neighbor's use as well as his own, a right of just complaint, and a remedy to vindicate that right, must be afforded to the injured tenant in common. The only adequate remedy is by bill in equity and injunction, because damages could not well be ascertained in money, and so long as the nuisance remained, actions at law would have to be brought continuously, and thus multiplied into many suits. It is unnecessary, therefore, to go into the learning on the subject of what is or is not a nuisance on a public street or alley; or how far the city authorities might authorize such erections as these privies are, jutting out on public streets or public alleys—though even in such cases the nuisance, it is believed, would be quickly restrained by a court of chancery, though sanctioned by the city.

In this case the rights are those of private property. The alley belongs to the proprietors of the lots on the block. Its joint use is theirs. Every foot of it each is entitled to use, and the city has no power to give the use to one foot of it to one to the exclusion of another. Espe-

-cially has it no shadow of authority to give it, or any part of it, to one to put up a standing affront to the eyes or the taste, however fastidious that taste, of another of the common grantees.

The chancellor not only did not abuse his discretion in granting the injunction, but would have abused it, in our judgment, had he permitted such encroachments to stand in the alley which belonged to complainant as well as to defendant.

Judgment affirmed.