JONES *v.* NAPIER.

The holder of several bonds for titles from various persons, binding them to convey to him certain undivided interests in land, with parts of the purchase money paid, is not entitled to institute proceedings for a partition of the premises by sale; nor does he, after

institung such proceedings, obtain a right to such partition by obtaining from one only of his vendors a deed conveying to him an undivided interest in the land, none of his other vendors being parties to the proceedings.

March 19, 1894.   Argued at the last term.

Application for partition. Before Judge Maddox. Walker superior court. August term, 1892.

J. D. Taylor and J. M. Bellah, for plaintiff in error.
Lumpkin & Shattuck and Napier & Cox, *contra.*

Lumpkin, Justice.

The land involved in the present case was once owned by W. H. D. Inman, who died December 18th, 1858, leaving a will, executed on the preceding day, which, after devising the land to his wife, contained in the same item a provision that: "At my wife's death, I will all my property to my children, to be equally divided between them; and at their death, the property is then to go to their children. In the event that my wife should marry, the property is then to be equally divided between her and my children, she drawing a child's part." Properly construed, this will conveyed only a life-estate in the property to the wife in the event she should not again marry. Mrs. Inman died May 7th, 1881, having never again married. There were four children of the testator and his wife who survived him: Mrs. Taylor, Mrs. Barry, Mrs. Agnew, and a son who died without issue before his mother. The youngest child was twelve or thirteen years old when the testator died. In 1882 the executor of the will, under an order from the court of ordinary, advertised and sold the land. It was bid off by Mrs. Taylor, Mrs. Barry, and a Mrs. Jones. The last paid cash for her portion; the other two paid no money, but, by an agreement with the executor, the undivided one third interest to which each was entitled was conveyed severally to her, "and considered as so much money paid in." The money which

the executor received from Mrs. Jones was paid over by him to the duly appointed guardian of a minor child who was the sole heir of his mother, Mrs. Agnew, who had previously died. Mrs. Taylor married in May, 1866. After the executor's sale already mentioned, she died, leaving four children : Charles, Carrie (who married one Chandler), Eddie, and John Taylor, Jr. At the time of the trial Mrs. Barry was still in life, and had four minor children, all residing in Alabama.

Napier bargained with Mrs. Barry for an undivided one third interest in the land, taking from her a bond for titles to the same. He also bargained with Charles Taylor and Mrs. Chandler for their respective interests in the land, taking bonds for titles from them. It seems, though it does not unequivocally appear, that Napier had paid a part of the purchase money to each of those from whom he held bonds for titles. He had never, however, had possession of the land, or any part of the same. In 1890 he filed a petition for a partition of the land, alleging that, on account of the location of a mill-site upon the same, it could not be equitably divided in kind, and therefore praying a partition by sale. Mrs. Jones, and Eddie and John Taylor, Jr., were made parties to this proceeding, and the last two being minors, a guardian *ad litem* was appointed for them, who duly accepted the appointment. Neither Mrs. Barry, Charles Taylor nor Mrs. Chandler was made a party, nor were the children of Mrs. Barry residing in Alabama, nor the child of Mrs. Agnew already mentioned. Mrs. Jones filed objections, alleging, among other things, that the persons just mentioned were necessary parties; and that Napier, having no title to the land, was not entitled to a partition. After the proceedings for a partition were begun, Mrs. Chandler conveyed to Napier an undivided one twelfth interest in the land. Upon an agreed statement of facts, which was substantially as above stated,

the case was submitted to the judge for decision without a jury, and he passed an order appointing commissioners to sell the property and make a return of the same; to which order Mrs. Jones excepted.

Under the facts thus appearing, we think the judge below erred. Conceding, for the purposes of this case, (though we do not so decide), that the executor's sale passed to Mrs. Barry a good title to one undivided third of the land, we have no doubt that she was a necessary party to the case; and so were Charles Taylor, and Mrs. Chandler, when the proceedings were instituted. It may be, by reason of the fact that Mrs. Chandler, pending the proceedings, had conveyed to Napier her interest in the land, that she would not have been a necessary party at the hearing; but we are at a loss to perceive how any partition by sale could be made without having Mrs. Barry and Charles Taylor before the court. They still retained the title to their respective interests in the land, and the commissioners could not, by virtue of an order which was binding upon neither of these parties, make any sale which would divest their title, no provision whatever having been made for applying to their claims for unpaid purchase money any portion of the proceeds of such sale. It seems to us that an attempted sale under these circumstances would necessarily result in sacrificing the property, which would, of course, be unjust to all the parties at interest. At any rate, we hold that, without making Mrs. Barry and Charles Taylor parties, the order in question was improperly granted. The fact that Mrs. Barry was a non-resident did not dispense with the necessity of making her a party. In Childs et al. v. Hayman, 72 Ga. 791, it was decided that a non-resident, having an interest in land for the partition of which proceedings were instituted, but who was not made a party to such proceeding nor served with a notice of the

same, was not bound or estopped by the judgment rendered therein. If, therefore, a sale of the property in question should be made by the commissioners, the rights of Mrs. Barry would not be affected thereby, and the sale as to her, so long as she holds the title to her present interest in the property, would be a mere nullity, and would only result in making her a cotenant with the purchaser at the sale. For this very reason, the sale should not be had. Not only would the property fail, as already stated, to bring a fair value, but at last there would be no complete partition. The remarks applicable to the interest of Mrs. Barry, of course, apply also to that of Charles Taylor. Under the ruling in the case just cited, he not being a party, and not therefore being called upon to answer, the entire proceedings as to him would be *res inter alios acta.*

This case is clearly distinguishable in principle from that of *Fulton County* v. *Amorous,* 89 *Ga.* 614, in which it was held that one in possession of land under a bond for titles from the true owner, with the purchase money partly paid, was entitled to full possession, and consequently, had a cause of action against the county where a portion of the premises had been taken or damaged for public purposes; especially, where the acquiescence of his vendor was affirmatively shown by producing a conveyance from the latter, made pending the action, passing the absolute title in fee simple. To allow one holding land under a bond for titles, and in possession thereof, to protect the same from waste and destruction, where the rights of his vendor will not be thereby affected, is quite a different thing from allowing such a person to cause an absolute sale of the property which might result in loss either to his vendor, to the purchaser at the sale, or to others having an interest in the property sought to be partitioned.

There may be another difficulty about the case, which

we will merely suggest, without discussing it. Under the will of Inman, his children, it would seem, took, after the death of his wife unmarried, a life-estate only in the property, with remainder over to their children. If the sale by the executor already mentioned did not legally vest a fee in Mrs. Barry to an undivided third in the land, she could convey to Napier nothing more than her life-estate. Therefore, even if Napier held deeds from her and Charles Taylor, could he, as the owner of a life-estate in an undivided portion of the land, and of the fee in another undivided portion of the same, have a partition by sale affecting the entire title in fee, as against owners in fee of other undivided interests, and as against Mrs. Jones, who claims, by virtue of the executor's sale, to own an undivided one third of the land? If a partition by a sale disposing of the property in fee could, under these circumstances, be had at his instance, it is certain, at least, that the children of Mrs. Barry would be necessary parties.

We shall not, however, attempt at this time to answer the question above suggested, because, irrespective of the same, and for reasons already stated, Napier's petition for a partition should have been disallowed.

*Judgment reversed.*