FORD *et al. v.* HARRIS *et al.*

1. Where the owner of land in a city had it surveyed and laid off into lots, caused a plat of the same to be made which referred to a designated strip of land, shown on the plat, as an avenue, this strip belonging to the owner of the lots and being so situated as to afford an outlet from the lots into a public street of the city; and where, after distributing copies of this plat, the owner sold the lots at public auction, representing that they were sold by the plat, and in the deed to the purchaser mentioned this plat as descriptive of the property, the purchaser at the sale and his successors in title acquired the right to use this strip as a way to and from the lots, and the seller had no right to subsequently close the strip, or to maintain an obstruction in it existing at the time of the sale. The easement thus acquired by the purchaser and those holding under him would not be lost by mere lapse of time or non-user, unless expressly abandoned.

2. One who held by bond for titles under the successor in title of the first purchaser, was entitled to maintain against the original vendor a proper proceeding for.the purpose of establishing the right to have the strip kept free from obstructions.

3. The equitable petition as originally filed was, in substance, sufficient to authorize a decree adjudicating the plaintiffs' right, as against the defendants, to the easement in question; but a general demurrer to the petition having been sustained with leave to amend "by electing to proceed for damages or for specific performance," and the plaintiffs having amended " by electing to proceed for the specific performance of the contract by opening the avenue," and there being no contract alleged or proved of which the court could decree a specific performance, there was no error in granting a nonsuit.

4. Inasmuch, however, as the case, upon its substantial facts, seems to be meritorious, direction is given that the plaintiffs have leave, at or before the time when the *remittitur* from this court is entered in the court below, to amend their petition by adding thereto such allegations and prayers as may be suitable to obtaining the relief above indicated, or such other relief, by injunction or otherwise, as may then seem appropriate.

November 26, 1894.

Equitable petition.    Before Judge LUMPKIN.    Fulton superior court.    March term, 1894.

The petition prayed for a decree declaring Grove avenue, as indicated on a certain plat, a street for the bene-

v 95-7

fit of parties on Orchard avenue, etc., and that the obstructions placed by defendants across Grove avenue be removed. The court granted a nonsuit, and plaintiffs excepted. The evidence made the following case:

January 24, 1882, a public sale was made of a number of lots constituting a portion of the Harris property (owned by defendants). The following plat was introduced in evidence:

GRESHAM'S PROPERTY.

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Fine Grove. No. 1. 200 | 120 13 | 120 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 120 | 26 |
| Fine Grove. | 55 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 |

Orchard Avenue. 40 feet wide.

| 55 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 |
|---|---|---|---|---|---|---|---|---|---|
| 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 |

Luckie Street. 213 — Grove Avenue. — Fine Grove. No. 2. 175 — 213 — Venable Street. — MISS H. M. SMITH'S PROPERTY. — Fowler Street. — Lovejoy Street.

N W E S

Merritt's Avenue.

McAfee Street.

Plat, by Frierson & Leak, of the
Harris Property, sold January 24th, 1882.

On January 26, 1882, the defendants conveyed to Boyd a parcel of land described as commencing at the southeast corner of Venable street and Orchard avenue, and running thence east along the south side of Orchard avenue 501 feet to Fowler street, thence south along the west side of Fowler street 110 feet, thence west parallel with Orchard avenue 501 feet to Venable street, being lots numbered from three to twelve (3 to 12), both inclusive, of the Harris property, as per plat of Frierson & Leak, January 24th, 1882. The plaintiffs hold under a deed from Boyd, dated June 30, 1890, conveying

the same property as described in the deed from defendants to Boyd, and making the same reference to the plat. Plaintiffs also put in evidence a deed from defendants to Simmons, of the same date as their deed to Boyd, conveying a parcel of land described as commencing at the northeast corner of Luckie street and Merritt's avenue, and running thence north along the east side of Luckie street 175 feet to Grove avenue, thence east along the south side of Grove avenue 213 feet to Venable street, thence south along the west side of Venable street 175 feet to Merritt's avenue, thence west along the north side of Merritt's avenue 213 feet to the starting point, "being lot number two (2) of Harris property as per plat of Frierson & Leak, made January 24th, 1882."

Boyd testified that he attended the sale of the Harris property on January 24th, 1882, and at that sale bid off the lots numbered on the plat from 3 to 12 inclusive. He identified the plat introduced as one of the plats on hand at the time of the sale, and as being a copy if not the identical plat he delivered when he sold the land. He bought the land by the plat. He had no particular use for Grove avenue during the time he owned the land; did not ask for it to be opened; and in fact it has never been opened. But he understood that he bought with the privileges as set out upon the plat by which they were sold; and had no notice that any of the streets designated on the plat would not be opened when asked for or needed. He never heard of any reservation. Harris had a fence across Grove avenue, that extended around his home, including lots 1 and 2 of the plat, at time of the sale, which has remained there ever since, with Harris in actual possession. There was a bluff six or seven feet high at Venable street, that would have to be cut down before Grove avenue could be opened so as to travel through it. Gresham street into Luckie street

on the north side of the Harris property, has been opened since the sale in January, 1882, and furnishes an outlet through Fowler street and Gresham street into Luckie street for this property. The failure to open Grove avenue would depreciate the value of the property witness bought, although he himself did not need it, as he used the property for a cow pasture. Luckie street was the most public and accessible thoroughfare from that property to the center of the city; and Grove avenue would be more convenient for access to this property from Luckie street.

Other testimony was, that the loss of Grove avenue to plaintiffs' property would depreciate its value very much, while the opening of said avenue would be a valuable appurtenance to their property, being worth $1,000 to the same; that plaintiffs traded on the faith of the plat as part of the deeds, and that the plat would be abided by, and when wanted Grove avenue would be opened, etc.

W. J. SPEAIRS and J. A. ANDERSON, for plaintiffs.
MAYSON & HILL, for defendants.

LUMPKIN, Justice.

The material facts are stated by the reporter.

1. Upon the principle ruled in *Bayard* v. *Hargrove et al.*, 45 *Ga.* 342, which was approved in *Harrison, ex'r*, v. *Augusta Factory*, 73 *Ga.* 447, we have no hesitation in concluding that, by virtue of the sale made by A. L. Harris, trustee, and Julia E. Harris, in January, 1882, a right of way over the strip of land designated in the plat as "Grove avenue" passed to every purchaser at that sale, and that the sellers of the lots were thereby estopped either from closing up the strip, or maintaining an obstruction in it existing in it at the time of the sale. There was probably no dedication, in the technical sense of that word, of the strip in question to the

public as a street; but undoubtedly the purchasers of the lots acquired an easement in the use of the strip as a way to and from their property.  Properly speaking, there can be no dedication to private uses, but only to the public use.  However, if the owner of land lays out streets and alleys and afterwards sells lots bounding upon them, while this does not constitute them public streets, unless the public shall in some way accept and adopt them as such, yet the purchasers of those lots acquire the right to have the strips designated as streets remain open for their use as a perpetual easement over the ground for ingress to and egress from their property. Wash. Easements and Serv. (4th ed.) 203, 204.  The mere fact that the purchasers did not immediately begin to exercise their right to use the strip as a way, or that they delayed doing so for a number of years, would not occasion a loss of the easement.  Their right to it being perfect and complete, they could not be deprived of it except by express abandonment, or by such conduct on their part as would be tantamount to the same.  We do not, of course, mean to say that a right of this kind might not become stale by long lapse of time, or by non-user under circumstances manifesting that the parties at interest had no intention ever to claim or use the right. Under the facts of this case, the successors in title of the original purchasers of the lots succeeded to their rights in the easement, and it passed from one to the other as appurtenant to the lots.  The case of Bissell *v.* N. Y. C. R. R. Co., 23 N. Y. 63, will throw some light on the case in hand.

2. We also think that one in possession and holding under bond for titles from a successor in title of the original purchaser, also had the right to enjoy this easement and to institute proper proceedings to establish and secure that right.  His vendor would in no sense be injured thereby; but on the contrary, would be bene-

fited, because, in the nature of things, the opening of Grove avenue would necessarily enhance the value of the property, and thus make the security for the purchase money better. This view is consistent with the ruling in the case of *Fulton County* v. *Amorous*, 89 *Ga.* 614, especially as it appears, in the present case, that the plaintiff's vendor was a party plaintiff to the action, and, of course, assenting to it. The case of *Jones et al.* v. *Napier*, 93 *Ga.* 582, 20 S. E. Rep. 41, rests upon an entirely different principle from the case at bar. The language used in the opinion filed in the *Napier* case, pointing out the distinction in principle between that case and the case of *Amorous*, is applicable here. While one holding land under a bond for titles may, consistently with the rights of his vendor, do anything to protect the property from waste or enhance its value, he should not be permitted to do anything which will prejudice the rights of the vendor or injuriously affect his security.

3–4.. We think the plaintiffs' declaration, as originally filed, made a case entitling the plaintiffs to a decree adjudicating their right, as against the defendants, to the easement in question. The court sustained a general demurrer to the petition, but in the order provided that the plaintiffs have leave to amend so as to proceed for damages or for specific performance. No exception was taken to this action of the court, but the plaintiffs undertook to comply with the terms of the order by amending their declaration and praying that the defendants be decreed to specifically perform the contract by opening the avenue. The difficulty was, the defendants had made no contract to " open the avenue," nor to anything else capable of enforcement by a decree for specific performance. Therefore, the plaintiffs entirely failed by their proof to make out a case.

As above stated, however, in our opinion, the petition

as originally filed was good as against a general demurrer; at least, to the extent of supporting a verdict and decree establishing the right of the plaintiffs to the free and unobstructed use of Grove avenue as a way to and from their property. We therefore think the general demurrer should have been overruled; and although, as no exception to the action by the court was taken, no question with reference to this matter was properly presented to us for determination, yet as the case, upon the facts presented, appears to be meritorious, we have given direction that the plaintiffs be granted leave to so amend their petition as to obtain the relief above indicated, or such other relief as may seem appropriate upon further investigation and development of the case.

*Judgment affirmed, with direction.*