### HAMIL v. PONE et al.

HINES, J. 1. Where the owner of a tract of land divided the same into lots, which.he sold to various purchasers, and in his deeds of conveyance to such purchasers described these lots as abutting on Third Street, the owner leaving a space for such street which ran east and west through the tract, such owner and one claiming a portion of said street under him are estopped to deny that such street is in fact a street; and the owner of the lots by describing them as bounded by such street, he being the owner of the soil under the street, conferred upon the purchasers of said lots, as appurtenant to the . granted premises, the right to use 'this street as a way, of which he could not afterwards deprive these grantees by conveying a portion of said street to another. *Bayard* v. *Hargrove*, 45 *Ga.* 342; *Ford* v. *Harris*, 95 *Ga.* 97 (22 S. E. 144); *Murphy* v. *Harker*, 115 *Ga.* 77 (41 S. E. 585); *Schreck* v. *Blun*, 131 *Ga.* 489 (62 S. E. 705).

2. In such circumstances it is not essential to the acquisition of such easement by these purchasers that there was a dedication of the street to public use and acceptance thereof by the public, evidenced by its use. Whether it is a case of dedication to a public or a private use, the plaintiffs acquired the right to an easement of way in this street; and such dedication may be shown by the fact that the owner sold lots describing them as bounded by a street. *East Atlanta Land Co.* v. *Mower*, 138 *Ga.* 380 (75 S. E. 418).

3. Applying the above principles, the court did not err in overruling the demurrer to the petition in this case, and in granting an interlocutory injunction. *Judgment affirmed. All the Justices concur.*

*H. A. Peacock* and *G. B. Cowart,* for plaintiff in error.
*Lippitt & Burt,* contra.