ASPINWALL v. ENTERPRISE DEVELOPMENT COMPANY et al.

ATKINSON, J.  1.  If an owner of a tract of land divides it into lots, streets, and alleys, records a plat thereof, and conveys lots by reference to the plat which abuts a particular alley, the grantee in virtue of the grant will acquire a private easement in the alley as appurtenant to the land for the purpose of affording ingress and egress to and from the lots.  *Bayard* v. *Hargrove*, 45 *Ga.* 342; *Ford* v. *Harris*, 95 *Ga.* 97 (22 S. E. 144); *Murphy* v. *Harker*, 115 *Ga.* 77 (41 S. E. 585); *Hamil* v. *Pone*, 160 *Ga.* 774 (129 S. E. 94).  The principle applies whether the alley extends from one street to another or is a cul de sac extending only from one street to a terminus at the line of a given lot in the subdivision.  *Schreck* v. *Blun*, 131 *Ga.* 489 (62 S. E. 705); *Ashford* v. *Walters*, 160 *Ga.* 350 (127 S. E. 758).

2.  The property right to an easement of the character mentioned in the foregoing note may be protected by injunction as against another person who without consent of the owner attempts to close the alley.  *Schreck* v. *Blun*, supra.

(a) This applies although the obstruction begins at the line of the owner next to the blind end of the alley, and the person attempting to close the alley owns all the lots on both sides of the alley towards the blind end and holds a junior separate deed from the proprietor of the subdivision to that portion of the alley, and the deed was executed at a time when the proprietor still owned the lot abutting the blind end of the alley and expressed the assent of the grantor to such obstruction.

(b) The fact that the owner of the easement did not actually use the alley but used a driveway from the front of his lot would not defeat his right to an injunction to prevent closing the alley.

3.  Where the plat of the subdivision shows a building line on the lots 32 feet back from the street on which the lots front and an apartment house is commenced and partly completed at large expense before it is discovered by an adjoining proprietor that one corner of the building extends 4-1/2 inches beyond the building line, equity will not enjoin the further completion of the building at the suit of the adjoining proprietor on the ground that the building was an encroachment over the building line.  The court did not err in refusing an injunction against encroachment upon the building line.  32 C. J. 215, § 334.  ATKINSON and HINES, JJ., dissent from the above ruling, because the uncontradicted evidence shows that the defendants through gross negligence, or deliberately, constructed the building so as to encroach over the building line.

4.  The facts of this case do not show such laches upon the part of the plaintiff as would bar his right to an injunction to prevent closing the alley.  The suit to enjoin the obstruction having been filed before the alley was obstructed, the continuance of the work by the defendants with full knowledge of the existence of the alley was at their peril, and the fact that a wall was constructed across the alley before the interlocutory

Easements, 19 C. J. p. 928, n. 61; p. 930, n. 84; p. 994, n. 69; p. 998, n. 27, 29; p. 1000, n. 52.

Injunctions, 32 C. J. p. 209, n. 11.

hearing would not be ground for refusal of the injunction. RUSSELL, C. J., and GILBERT, J., dissent from the ruling in this note.

5. The court erred in refusing to enjoin obstruction of the alley. RUSSELL, C. J., and GILBERT, J., dissent.

*Judgment reversed. All the Justices concur, except as above stated, and except Hill, J., absent.*

No. 5608.    SEPTEMBER 29, 1927.

Petition for injunction. Before Judge Hutcheson. DeKalb superior court. August 7, 1926.

On July 26, 1922, Louis Regenstein executed a deed purporting to convey to C. A. Aspinwall described land "known as lot No. twenty-five (25) of the James Banks property, as per plat of O. F. Kauffman, C. E., June, 1922, recorded in Plat Book 7, page 12, DeKalb County records." The deed also contained the clauses: (a) "It is understood and agreed that the building line of thirty-two (32) feet from Virginia Avenue, shown on said plat, shall be observed in improving the property." (b) "This deed is made in compliance with bond for title between parties hereto, dated July 11th, 1922." The plat was in part as follows:

On June 12, 1926, James Banks as party of the first part and Ben W. Steele as party of the second part executed a written contract which, omitting formal parts, was as follows: "Witnesseth: that whereas the said James Banks is the owner of lot No. 4 of the James Banks property in land lot 241 of the 15th district and land lot 1 of the 18th district of DeKalb County, Georgia, on Virginia Avenue and Rosedale and Briarcliff Roads, as per plat thereof by O. F. Kauffman, C. E., of June, 1922; and whereas the said Ben W. Steele is the owner of lots 26, 27, and 28 and the unnumbered tract in the rear thereof in said subdivision; and whereas the above-described property of the first party and the party of the second part is all of the property which abuts on the alley in the rear of said lots 26, 27, and 28; and whereas it is the desire of the said parties to close said alley and abandon the same as such. for their mutual benefit:

Now, therefore, in consideration of the premises and one dollar, the receipt of which is hereby acknowledged, the party of the first part and the party of the second part hereby covenant and agree that so much of the alley as shown on said plat as lies in the rear of lots 26, 27, and 28 and extends to lot No. 4 shall be and the same is hereby closed and abandoned, and the use thereof waived and renounced as an alleyway, by the parties hereto, and the title to the land constituting said alley is granted, bargained, and conveyed by the party of the first part unto the said party of the second, in as full and complete a manner as the same is now owned and enjoyed by him." In July, 1926, Ben W. Steele commenced the construction of an apartment house on lots 26 and 27, commencing about 32 feet south of Virginia Avenue and extending southwardly across the alley and including a part of the unnumbered lot south of the alley. The west wall of the building was parallel with and near the dividing line of lots 25 and 26, and followed the course of that line across the alley and on the unnumbered lot south of the alley. The foundation of the wall was laid on the lots, without any work being done in the alley, until the foundation had reached an elevation of about 2 feet above ground.

When excavations were commenced in the alley, preparatory to construction of the walls in and across the alley, Aspinwall, who resided on his lot number 25 and knew of the proposed construction of the apartment house and had been protesting against clos-

ing the alley, instituted a suit, on July 12, 1926, to enjoin the closing of the alley. On July 24, 1926, the petition was amended by alleging that since filing the petition the defendants have commenced the erection of the building "over the building-line restrictions called for in the deed to plaintiff and the defendants, four and one-half (4-1/2) inches" at the northeast corner of the building, and praying for injunction against extension of the building over the said line. On August 7, 1926, the plaintiff filed a second amendment describing more minutely the encroachment over the building line, and alleging that he had "acted hastily since ascertaining the fact that said building extended over the building line." The defendants filed answers. They alleged that the plaintiff resided on the adjoining lot and had ample opportunity, at the time the building was commenced, to ascertain what encroachments, if any, had been made, and notwithstanding that fact he allowed the defendants to lay the foundation of the building and to erect the weatherboarding and framework of the first and second stories at a large expense, without taking any action to stop the work; that defendants have expended approximately $45,000 upon the erection; that the sum of $15,000 or more will be necessary to complete the building; and that to remove the alleged 4-1/2 inches of encroachment would entail upon the defendants a large and useless expense, which should have been avoided had petitioner acted in proper time. The defendants denied the material allegations of the petition, and among other things alleged that they are not encroaching on any easement of petitioner, and are within their legal rights; that they are owners of lots 26, 27, and 28 and all the vacant space in the rear of said lots; that the alley referred to is merely a blind alley in the rear of the lots of the defendants as an easement appurtenant to their property lying on each side of said alley, and by reason of the purchase of the property on both sides of the alley the dominant and servient tenements became merged in one party, and the easement in the alley owned by the defendants became merged in their title, and by reason of said merger they have the right to close the alley between their respective properties; that the alley has no outlet at its eastern terminus, and was opened merely for the purpose of affording ingress and egress to the property upon each side of it, that defendants do not contemplate closing the alley

between plaintiff's property and Virginia Avenue, and he has the same rights of ingress and egress now that he ever had; that defendants contemplate the erection of an apartment house fronting on Virginia Avenue and extending across lots 26 and 27 and the alley in question to the vacant space on the south side of said alley; that they have incurred a large expense and have borrowed money for that purpose, and have suffered serious loss by reason of the restraining order granted in this case; that they contemplate erecting their building 32 feet from Virginia Avenue, and the plaintiff demanded that they set their property back 42 feet, which demand was made after the work had commenced and could not have been complied with without a heavy expense; that upon refusal plaintiff threatened and has undertaken to stop defendants from closing the alley, and this suit is not brought bona fide for the purpose of protecting any easement plaintiff may have in said alley, but for the purpose of gratifying a vindictive spirit, and he has stated that this was the reason he was objecting to their closing up this alley; that plaintiff has a driveway along his property from Virginia Avenue, and has never used said alley for any purpose; that he has no title to the part of the alley they are closing or any easement therein, but Ben W. Steele has title thereto under a deed from James Banks; that plaintiff well knew defendants' intention to close said portion of the alley, and made no objection, but allowed defendants to proceed until the foundation of the contemplated building had been begun and a large sum of money expended thereon before plaintiff took any step to stop defendants, and by reason of his laches he is now estopped; and that defendants are amply solvent and are fully able to respond in damages for any amount that plaintiff may recover of them.

On the trial the pleadings were introduced in evidence, together with the deeds and plat referred to. Plaintiff introduced evidence that the building now under construction extends across said alley, and that the front part of the building at the northeast corner extends 4-1/2 inches over the building line. In his own behalf he testified: "That he had acted promptly in bringing his amendments, having done so as soon as the brick work in the front part of the building was commenced; that at the time said brick work had proceeded about two feet from the ground;

that at the time of the filing of his original petition he did not know and had no means of knowing as to whether or not the building would go over the restrictions, and was not informed of the same until a day before the filing of his amendment on the 24th of July after an examination by R. A. Nixon on the 23d day of July, 1926; that at the time of filing his original petition only the foundation of said building was layed, the alley being enclosed last." On cross-examination plaintiff testified that he lived upon the lot adjoining the lot upon which the building in question was being erected; that he knew when it was commenced, and had opportunity at all times to make examinations as to encroachments; and that he could not specify as to what amount he had been damaged. The trial judge in two separate orders denied an injunction, (a) as to closing the alley, and (b) as to encroachment of the building line. The plaintiff excepted.

*Gillon & Tomlinson,* for plaintiff.

*W. O. Wilson,* for defendants.