WESTBROOK *et al.* *v.* COMER *et al.*

No. 14796. MARCH 8, 1944.

436

438

W. H. Young Jr., for plaintiffs in error. Paul Blanchard, contra.

DUCKWORTH, Justice. "If an owner of a tract of land divides it into lots, streets, and alleys, records a plat thereof, and conveys lots by reference to the plat which abut a particular alley, the grantee in virtue of the grant will acquire a private easement in the alley as appurtenant to the land for the purpose of affording ingress and egress to and from the lots. The principle applies whether the alley extends from one street to another or is a cul de sac extending only from one street to a terminus at the line of a given lot in the subdivision." Aspinwall v. Enterprise Development Co., 165 Ga. 83 (140 S. E. 67), and cit. See also Ford v. Harris, 95 Ga. 97 (22 S. E. 144); Schreck v. Blun, 131 Ga. 489 (62 S. E. 705); Gibson v. Gibson, 143 Ga. 104 (84 S. E. 373); Tietjen v. Meldrim, 169 Ga. 678 (151 S. E. 349); Holder v. Jordan Realty Co., 170 Ga. 764 (154 S. E. 353). As was ruled in State v. Ga. Ry. & Power Co., 141 Ga. 153, 156 (80 S. E. 657): "Where a deed or grant refers to a plat as furnishing the description of the land conveyed, the plat itself and the words and marks on it are as much a part of the grant or deed, and control so far as limits are concerned, as if such descriptive features were written out on the face of the deed or grant itself." See also Hardy v. Brannen, 194 Ga. 252, 254 (21 S. E. 2d, 417). "In such circum-

stances it is not essential to the acquisition of such easement by these purchasers that there was a dedication of the street to public use and acceptance thereof by the public, evidenced by its use." *Hamil* v. *Pone,* 160 *Ga.* 774 (129 S. E. 94). Under the above-cited authorities, any grantee under a deed from William A. Little or his successors in title, executed after the recording of a plat of the subdivision, and while Little held title to the land embraced in the 20-foot alley, acquired an easement in said alley as effectively as if the deed had specifically granted it. A distinction is to be drawn, however, in a case where the maker of the plat has parted with title to a street or alley at the time he executes a deed to land to which such alley is contiguous, although as between him and his grantee he is estopped by his deed from contesting with his grantee the latter's right to use the alley. As was said in *Wimpey* v. *Smart,* 137 *Ga.* 325, 328 (73 S. E. 586): "The necessity that the grantor own the land represented as a street before a covenant of easement over it can be implied is apparent. In the absence of an express grant, a grantor will not be presumed as intending to pass, as an appurtenance to the land conveyed, an easement over the land of another. If he gives a street or way as a boundary, he will be estopped by his deed from denying the existence of the street or way. This estoppel results from the effect to be given to his deed; for every grant should be so construed as to give the grantee the benefits intended to be conferred by the grant, and the grantor will not be permitted to close up the way or do anything that will defeat or essentially impair his grant. Parker *v.* Framington, 8 Met. 268. When a way is given as a boundary, the implication of a grant of an easement is dependent upon the grantor's ownership of the servient fee; nevertheless he is estopped by his deed from contesting with his grantee the latter's right to use the way, whether the ownership of the servient fee be in him or in another. This distinction has not always been clearly observed in the cases bearing on the question, but where the express point was made the distinction was noted and the case decided accordingly." In Jones on Easements, 185, § 222, it is stated: "A conveyance of land bordering upon a way passes no easement in the way, in case the grantor has already conveyed to another in fee the title to the soil of the way. Having no title to the way, the grantor can confer no right to use it." See 19 C. J. 933, § 134.

Upon a consideration of the facts in the present case, it must be held that the petitioner, Mrs. Minnie L. Flournoy, acquired an easement in the 20-foot alley, but that the other petitioners, Mrs. G. C. Comer, Elaine Hammond, and R. O. Holleman, did not, for the following reasons: Although Mrs. Flournoy did not obtain a deed to lot 12 in Little's Wynnton Survey until January 3, 1923, it is shown by the agreed statement of facts that her predecessor in title acquired title on June 8, 1893, a date before the time when Little, on June 20, 1899, conveyed to C. W. Munro the land from which H. Land, his remote grantee, subsequently carved Boulevard Terrace, and by which description in the deed to Munro the 20-foot alley was included, though title to the latter was not warranted by Little. When Munro conveyed to Walters, he restricted the southern boundary to the north line of the 20-foot alley, as did the executrix of Walters in conveying to B. E. Wiggers, and B. E. Wiggers in conveying to H. Land, and as did H. Land in making the plat of Boulevard Terrace which he recorded. The deeds executed by H. Land to the defendants to lots in Boulevard Terrace excluded the 20-foot alley, although in each case he executed a quitclaim deed to the portion of the alley south of the conveyed lot and between imaginary prolongations of lines representing the eastern and western boundaries of the respective lots. Thus it will be seen that title to the alley itself remained in Munro, so far as the record discloses, at the time of the commencement of the present litigation. H. Land and his grantees apparently recognized that the title to the alley had been left in Munro, because when Land sold lots in Boulevard Terrace and his grantees afterwards executed certain security deeds to named parties, each conveyance excluded the land embraced in the alley. In fact, no issue is raised as to title to the alley being in Munro; the respective contentions of the parties being as to whether or not the petitioners, Mrs. G. C. Comer, Elaine Hammond, and R. O. Holleman, have easements in the 20-foot alley, notwithstanding the fact that Little had on June 20, 1899, conveyed the alley to Munro. It is clear that, with the exception of Mrs. Flournoy, none of the petitioners nor any predecessor in title acquired title to any lot in Little's Wynnton Survey before March 5, 1901, and Little having conveyed the alley to Munro before they acquired title to any lot, there was nothing upon which an easement could operate, because,

as was said in the authorities hereinbefore cited, an easement is dependent upon the grantor's ownership of the servient fee at the time of the conveyance of the dominant estate.

It is argued by counsel for the petitioners that Munro and his successors in title were estopped·to deny that Little, by reason of recording the plat, had created an easement of appurtenance to all of the contiguous lots in Little's Wynnton Survey for the benefit of all purchasers thereof. However, Little did not include in the recorded plat the land that subsequently became Boulevard Terrace subdivision; and though the alley would be burdened with an easement as to any grantee from him to a lot in Little's Wynnton Survey while he held title to the lot, yet when he conveyed the alley to Munro on June 20, 1899, by a duly recorded deed, notice was thereby given to the world that he no longer owned the alley, and that he was thenceforth in no position to create an easement therein by reason of any conveyance of a lot in Little's Wynnton Survey. The recordation of the plat by Little, while having the effect of incorporating its words and marks into any subsequently executed deed during the time that Little held title to the alley, and thereby requiring the deed to be construed for the benefit of the grantee as if it had contained such descriptions, ought not in reason to be held capable of conferring a greater right than a deed which itself contains such words and marks at the time of its execution. Such a deed, although creating an easement in the alley as to the particular grantee, should not, after Little has conveyed the alley to another as part of the land out of which Boulevard Terrace was carved, operate so as to preclude the latter or his successors in title to lots in Boulevard Terrace abutting the alley from contending that a *subsequent* grantee under Little of a lot in Little's Wynnton Survey adjoining the alley acquired no easement therein. This necessarily results from the principle stated in *Wimpey* v. *Smart* and other·authorities, supra. The recordation of the plat of Little's Wynnton Survey was not notice to Munro or any of his successors in title that any grantee of a lot in that subdivision would *in all events* acquire an easement in the alley, but notice only that an easement in the alley would inure to such persons as might purchase a lot while Little held title to the alley. It follows from what has been said that only Mrs. Minnie L. Flournoy was entitled to the decree of injunction as prayed, and then only in the

event that she has not, as argued by the plaintiffs in error, forfeited the easement by nonuser, or unless the injunction was a mandatory one.

While an easement acquired by user or prescription may be lost by abandonment or nonuser, a different rule applies when an easement has been acquired by a grant. As was said in *Tietjen* v. *Meldrim,* 169 *Ga.* 695 (supra): "Where an easement of way is acquired by mere user, the doctrine of extinction by mere nonuser may in reason apply; but where such easement is acquired by grant, the doctrine of extinction by nonuser should not apply. Where an easement has been acquired by grant, mere nonuser, without further evidence of an intent to abandon it, will not constitute an abandonment. *Mayor &c. of Savannah* v. *Barnes,* 148 *Ga.* 317 (96 S. E. 625, 9 A. L. R. 419; *Atlanta & West Point R. Co.* v. *Atlanta,* 156 *Ga.* 251 (4) (119 S. E. 712). The authorities in other jurisdictions are fairly agreed that where a right of way or other easement is created by grant, deed, or reservation; no duty is thereby cast upon the owner of the dominant estate thus created to make use thereof or enjoy the same as a condition to the right to retain his interest therein, and that the mere nonuser of such an easement for any length of time will not extinguish the same. . . The mere nonuser of an easement created by deed, for a period however long, will not amount to an abandonment. 19 C. J. 942, § 151 (2)." It was further said in the opinion: "The mere fact that the plaintiffs did not immediately begin to exercise their right to use these streets, or that they delayed doing so for a number of years, would not occasion a loss of the easement. Their right to it being perfect and complete, they could not be deprived of it except by express abandonment, or by such conduct on their part as would be tantamount to the same." No discussion is necessary to demonstrate that there was no evidence whatever showing any intention by Mrs. Flournoy to waive or abandon her right of easement in the alley.

The contention of the plaintiffs in error that the injunction is mandatory can not be upheld. While fences have been erected by the defendants across the alley so as to prevent its use by the petitioners, the order of the court does not specifically direct that they be removed, but restrains the defendants from using the alley "for any purpose other than an alley and from obstructing same and

. . from using the same in any way, manner, or form so as to interfere with the rights of the plaintiffs' use of said space as an alley." Mrs. Flournoy, having the right to do whatever is reasonably necessary to the enjoyment of her easement and keep the alley in a proper state of repair, provided it is done without imposing unnecessary inconvenience on the owner of the servient estate, and the extent of the easement is not thereby enlarged (19 C. J. 981, § 231), may herself cause to be removed the fences which block the passage through the alley. But the petition for injunction is not based alone on the interference caused by the fences, since it is alleged and admitted that the defendants are using the portion of the alley which has been fenced off for gardens and the planting of shrubbery therein, and thereby prevent the use of the alley by the petitioners. In any event, while an injunction will not be granted where the main purpose is to require affirmative action, as ruled in cases cited by the plaintiffs in error, the court may grant an order the essential nature of which is to restrain, although in yielding obedience to the restraint the defendants may incidentally be compelled to perform some act. *Goodrich* v. *Georgia Railroad & Bkg. Co.,* 115 *Ga.* 340 (41 S. E. 659) ; *Rosser* v. *Styron,* 171 *Ga.* 238, 240 (155 S. E. 23). The fact that to prevent obstruction of the alley, as required by the order of the court, the defendants would incidentally be obliged to remove the fences erected across the alley would not make the injunction here mandatory in nature. *Spencer* v. *Tumlin,* 155 *Ga.* 341 (116 S. E. 600) ; *Phinizy* v. *Gardner,* 159 *Ga.* 136 (125 S. E. 195); *Ashford* v. *Walters,* 160 *Ga.* 350 (127 S. E. 758) ; *Barham* v. *Grant,* 185 *Ga.* 601 (196 S. E. 43).

It follows from what is said above that Mrs. Minnie L. Flournoy is alone entitled to an injunction to restrain the defendants from interfering with the use of the alley, and the judgment is affirmed with direction that it be modified accordingly.

*Judgment affirmed, with direction. All the Justices concur.*