33515.   BARNES *v.* CHEEK.

DECIDED OCTOBER 4, 1951.

654

*J. E. B. Stewart,* for plaintiff in error.
*W. E. Zachary,* contra.

WORRILL, J. ■ Where the owner of property has it surveyed, marked off and subdivided into streets, lots, and alleys, has a plat drawn showing the location of such streets, lots, and

alleys, records the plat, and thereafter sells the lots to various purchasers, giving deeds thereto which refer to the plat and, in describing the' location of the lots sold, refer to the streets and alleys shown on the plat as part of the boundaries thereof, the purchasers acquire a perpetual and indefeasible easement over such streets and alleys as a means of ingress and egress to their lots, which cannot be forfeited or abandoned by a mere non-user or failure for a long period of time to open and improve such streets or alleys; and this is true whether such streets and alleys are ever formally dedicated or accepted by public authority as public streets or alleys or not. "Their right to it being perfect and complete, they could not be deprived of it except by express abandonment, or by such conduct on their part as would be tantamount to the same." *Ford* v. *Harris,* 95 *Ga.* 97, 101 (22 S. E. 144); *Hamil* v. *Pone,* 160 *Ga.* 774 (129 S. E. 94); *Aspinwall* v. *Enterprise Development Co.,* 165 *Ga.* 83 (140 S. E. 67); *Holder* v. *Jordan Realty Co.,* 170 *Ga.* 764 (1b) (154 S. E. 353); *Westbrook* v. *Comer,* 197 *Ga.* 433 (1, 3, 5) (29 S. E. 2d, 574).

Chapter 72-2 of the Code of 1933 provides for the manner of abatement of nuisances by a justice court as therein stated. This procedure has been held to be the proper remedy where the sole relief sought by the plaintiff is the removal of obstructions in a public alley or street placed there by the defendant. *Haney* v. *Sheppard,* 207 *Ga.* 158 (60 S. E. 2d, 453). The character of the proceeding here was established by the petition and its contents, and this could not be changed into an action to try title to land by the defense sought to be interposed by the defendant. The exception to the overruling of the plea to the jurisdiction was without merit.

■ The demurrer as to the description of the property was based on the original petition as drawn, which—apparently due to a typographical error—omitted a part of the description of the plaintiff's property. The plaintiff, before the hearing on the demurrer, amended his petition, substituting a complete description of the property involved, and as such it was sufficient to completely identify and locate the property, under the ruling in *Holder* v. *Jordan Realty Co.,* 170 *Ga.* 764 (1a) (supra), and similar rulings. The description in the petition

of the obstruction in the alley as consisting of a wooden fence erected at the entrance of the said alley on the south side of Hillyer Street, and lumber piled therein, was sufficient to locate and describe the obstruction and to locate the alley.

This being an action by the plaintiff to have a private nuisance abated, and no provision being made in the law establishing the proceeding for the award of money damages to the plaintiff, and none being sought in the action, it was unnecessary for the plaintiff to allege how or wherein he was damaged or to what extent; nor was it necessary or proper for him to allege how such obstruction was a nuisance to other landowners in the vicinity, such matters being immaterial to his right to have the nuisance abated. Under the rulings in the cases cited in the first division of this opinion, supra, the petition sufficiently showed a cause of action in the plaintiff, where it alleged ownership of the property, that it abutted the alley and was conveyed by reference thereto, and that an obstruction of the plaintiff's right to use the alley had been erected by the defendant. These grounds of demurrer were without merit, and the trial court did not err in overruling the demurrers.

■ While there was some conflict in the evidence adduced upon the trial, the jury were authorized to find that the fence, constituting a part of the obstruction, either with the defendant's consent or direction, was erected by his 20-year old son who lived with him in his home, that the defendant claimed the right to take possession of one-half of the alley involved and thus enclosed by the fence, and stacked on the land constituting a part of the alley lumber which was admittedly the property of the defendant, and which constituted the other part of the obstruction complained of. The evidence further showed that the plaintiff had purchased his lot some twenty years prior to the time of the trial, under circumstances substantially as alleged in the petition. Under the rulings in the cases cited in the first division of this opinion, the evidence was sufficient to show the right of the plaintiff to an easement over the land originally platted as an alley, and the wrongful obstruction of that easement by the defendant. This was sufficient to authorize the court to grant the relief prayed.

The superior court did not err in dismissing the certiorari.

*Judgment affirmed. Sutton, C.J., and Felton, J., concur.*