18428. OWENS HARDWARE COMPANY *v.* WALTERS.

HAWKINS, Justice. 1. "When . . . the owner of a tract or boundary of land divides it into lots, streets, and alleys, causes a map or plat of the same to be made and duly recorded whereby the lots, streets, and alleys are delineated, and sells the lots with reference thereto, the purchasers acquire private property rights in the streets and alleys of the subdivision. *Ford* v. *Harris,* 95 *Ga.* 97 (22 S. E. 144); *Murphey* v. *Harker,* 115 *Ga.* 77 (41 S. E. 585); *Wimpey* v. *Smart,* 137 *Ga.* 325 (73 S. E. 586); *Gibson* v. *Gross,* 143 *Ga.* 104 (84 S. E. 373); *Aspinwall* v. *Enterprise Development Co.,* 165 *Ga.* 83 (140 S. E. 67); *Tietjen* v. *Meldrim,* 169 *Ga.* 678 (151 S. E. 349); *Thompson* v. *Hutchins,* 207 *Ga.* 226 (60 S. E. 2d 455). In *Tietjen's* case, supra, this court held: 'As lots in this subdivision were sold, and the purchasers got their deeds thereto, the purchasers acquired title to the lots and the rights of way over these streets as appurtenant thereto. The fee in the land embraced in the streets became vested in the owners of the abutting lots to the middle of the street, subject to the rights of way over the same in favor of the purchasers of the lots in this subdivision, for the purposes of ingress and egress to and from their lots [Citing cases]. These purchasers acquired a clear title to their lots, a complete right to the rights of way in and over these streets as appurtenant to their lots, and title in fee in one half of the soil embraced in the streets adjoining their lots.' " *Harrison* v. *City of East Point,* 208 *Ga.* 692 (2) (69 S. E. 2d 85). These principles apply whether the alley or street extends from one street to another, or is a cul-de-sac extending only from one street to a terminus in another portion of the subdivision. *Westbrook* v. *Comer,* 197 *Ga.* 433 (1) (29 S. E. 2d 574); *Aspinwall* v. *Enterprise Development Co.,* 165 *Ga.* 83 (1) (140 S. E. 67). And it is not essential to the acquisition of such easement by the purchasers that there was a dedication of the street to public use and acceptance thereof by the public, evidenced by its use. *Hamil* v. *Pone,* 160 *Ga.* 774 (2) (129 S. E. 94); *Westbrook* v. *Comer,* 197 *Ga.* 433 (3), supra.

2. Where a right of way or other easement is acquired by grant or deed, no duty is thereby cast upon the owner of the dominant estate thus

created to make use thereof or enjoy the same as a condition to the right to retain his interest therein, and the mere non-user of such an easement for a period however long will not amount to an abandonment. The mere fact that one does not immediately begin to exercise his right of use under an easement, or that he delays doing so for a number of years, would not occasion a loss of the easement. His right being complete, he could not be deprived of it except by express abandonment, or by such conduct as would be tantamount to the same. *Westbrook* v. *Comer*, 197 *Ga.* 433 (5); *Ford* v. *Harris*, 95 *Ga.* 97, 101 22 S. E. 144).

3. Where, as in this case, the petition alleges that although the owner of a tract of land located within the corporate limits of the City of Rome, Georgia, divided it into lots, streets, and alleys, and caused a map or plat of the same to be made and duly recorded, but that the city never worked and never exercised ownership over the particular portion of the street in question, there was no such acceptance of the street by the city as would constitute it a public street and confer upon the city the right to convey it to a private person, even though the charter of the city conferred upon it "full power and authority . . . in its discretion to close, dispose of and sell, or either of them, any street or alley within said city." *Parsons* v. *Trustees of Atlanta University*, 44 *Ga.* 529; *Savannah Beach* v. *Drane*, 205 *Ga.* 14 (1) (52 S. E. 2d 439); *Maddox* v. *Willis*, 205 *Ga.* 596 (2) (54 S. E. 2d 632).

4. While one cannot grant an easement over a right of way or street where he has parted with title to the street, or the servient fee (*Westbrook* v. *Comer*, 197 *Ga.* 433 (4)), where, as in this case, it is alleged that the maker of the plat and subdivision was the owner of the tract of land shown on the plat which was divided into lots and streets, and conveyed the lots now owned by the plaintiff to his predecessors in title, it is not incumbent upon the plaintiff to allege further that, at the time the owner conveyed such lots, he had not parted with title to the servient fee in the street shown on the plat.

5. The property right to an easement of the character mentioned in the preceding notes may be protected by injunction as against another person who, without the consent of the owner of such easement, attempts to close the street. *DeGive* v. *Seltzer*, 64 *Ga.* 423; *Aspinwall* v. *Enterprise Development Co.*, 165 *Ga.* 83 (2) (140 S. E. 67); *Mills* v. *Smith*, 203 *Ga.* 444, 449 (2) (47 S. E. 2d 260); *Maddox* v. *Willis*, 205 *Ga.* 596 (6) (54 S. E. 2d 632).

6. Applying the foregoing principles to the allegations of the petition in the instant case, the petition stated a cause of action, and the trial judge properly overruled the general demurrers thereto.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 11, 1954—DECIDED FEBRUARY 8, 1954.

*Matthews, Maddox & Bell,* for plaintiff in error.
*Harris & Harris,* contra.

Grover C. Walters filed, in the Superior Court of Floyd County, Georgia, his petition to enjoin Owens Hardware Company from taking part of an alleged street for its own exclusive use, obstructing the same, and depriving the petitioner of the use thereof. His petition as amended alleges substantially:

That he is the owner of lots 33, 34, and 35, in a certain subdivision in Rome, Floyd County, Georgia, fronting on the west side of Lamar Street, the lots acquired by warranty deed dated and recorded February 1, 1941; that, when he purchased the lots, there was of record a plat of the subdivision; that the part of Fairbanks Street which is the subject matter of this litigation was open; and that the petitioner purchased such property with the right and expectation that Fairbanks Street would remain open and unobstructed, and subject to his legitimate use.

That Owens Hardware Company owns lots 36 to 64 inclusive, in the same subdivision, which it acquired by two deeds dated May 18, 1950, and duly recorded; and that J. E. Sampson, who owned all of the property shown on the plat of the subdivision, is a common grantor, through mesne conveyances, of all of said lots owned by the petitioner and the defendant.

That Fairbanks Street, as shown on said plat, is about 20 feet in width and extends easterly and westerly about 760 feet, being bounded on the north by lots 10, 11, 37, 38, 63, and 64 of said subdivision, on the south by the right of way of the Southern Railway Company, and on the east by property of the defendant.

That on July 21, 1953, the City of Rome, through its duly elected commissioners, executed a "quitclaim" deed to Owens Hardware Company, conveying a part of said Fairbanks Street 20 feet wide and 235 feet long, bounded on the north and east by property owned by said Owens Hardware Company, on the south by right of way of the Southern Railway Company, and on the west by Lamar Street. A copy of the deed, attached to the petition as an exhibit, indicates, however, that "fee simple" title was conveyed, and recites: "This conveyance is made by authority of and in compliance with an ordinance duly passed by the Rome City Commission at a regular meeting held on the 20th day of July, 1953." Said deed also recites that the strip of land conveyed is "a portion of what was heretofore designated

and dedicated for public street purposes," extending from the east side of Lamar Street easterly a distance of 235 feet.

That the president of Owens Hardware Company told counsel for the petitioner that the company intended immediately to place a fence across said part of Fairbanks Street, and that there was a possibility that the company might construct a warehouse and railroad side-track thereon.

That said part of said street was "laid out on said original plat as a street," yet "the City of Rome never worked said street in any way and never exercised ownership over same in any way."

That Owens Hardware Company has no right, title, or interest in the portion of Fairbanks Street involved, and did not acquire any by virtue of the deed from the City of Rome, as the city had no right, title, or interest, and no authority to dispose of the same to the defendant; that Owens Hardware Company claims the land by virtue of such deed and will permanently close such street and arrogate to itself the exclusive right and use of the same; that the petitioner does not have an adequate remedy at law and will suffer irreparable damages unless the defendant is enjoined from closing the street and assuming to itself the full right, power, and authority over same; and that the petitioner has an inherent right to the unrestricted and legitimate use of said portion of said street by virtue of the fact that, when the subdivision was platted and laid out, the tract in question was platted and laid out as a portion of Fairbanks Street, and said plat was duly recorded in the office of the Clerk of the Superior Court of Floyd County.

The petition as amended prayed that the defendant be enjoined from appropriating said street to its own use to the exclusion of the petitioner's free and unlimited legal use thereof; that the defendant be enjoined from blocking, obstructing, or closing said street in any manner that will deprive the petitioner of the free and unrestricted legal use of same; that the defendant be enjoined from any act that will bar and prevent the petitioner from using said street in any legal manner; and that such other relief be granted in the premises as may be reasonable and just.

The defendant demurred generally and specially to the original petition, and when the petition was twice amended, renewed

such demurrers and urged them to the petition as amended.

The grounds of general demurrer to the amended petition which are now insisted upon are that it failed to set forth a cause of action; it failed to show a right of action in the petitioner; there is no equity in it; it showed that the petitioner has a complete and adequate remedy at law; it failed to show any ground for equitable relief; and it failed to show that the defendant is insolvent and unable to respond in damages to the petitioner.

The demurrers to the petition as amended were overruled, and the bill of exceptions assigns error on the judgment overruling "said general demurrers."