210 Ga. 321 (1954)
80 S.E.2d 285
OWENS HARDWARE COMPANY
v.
WALTERS.
18428.
Supreme Court of Georgia.
Submitted January 11, 1954.
Decided February 8, 1954.
Matthews, Maddox & Bell, for plaintiff in error.
Harris & Harris, contra.
*325 HAWKINS, Justice.
1. "When . . . the owner of a tract or boundary of land divides it into lots, streets, and alleys, causes a map or plat of the same to be made and duly recorded whereby the lots, streets, and alleys are delineated, and sells the lots with reference thereto, the purchasers acquire private property rights in the streets and alleys of the subdivision. Ford v. Harris, 95 Ga. 97 (22 S. E. 144); Murphey v. Harker, 115 Ga. 77 (41 S. E. 585); Wimpey v. Smart, 137 Ga. 325 (73 S. E. 586); Gibson v. Gross, 143 Ga. 104 (84 S. E. 373); Aspinwall v. Enterprise Development Co., 165 Ga. 83 (140 S. E. 67); Tietjen v. Meldrim, 169 Ga. 678 (151 S. E. 349); Thompson v. Hutchins, 207 Ga. 226 (60 S. E. 2d 455). In Tietjen's case, supra, this court held: `As lots in this subdivision were sold, and the purchasers got their deeds thereto, the purchasers acquired title to the lots and the rights of way over these streets became vested in the owners of the abutting lots to the middle of the street, subject to the rights of way over the same in favor of the purchasers of the lots in this subdivision, for the purposes of ingress and egress to and from their lots [Citing cases]. These purchasers acquired a clear title to their lots, a complete right to the rights of way in and over these streets as appurtenant to their lots, and title in fee in one half of the soil embraced in the streets adjoining their lots.'" Harrison v. City of East Point, 208 Ga. 692 (2) (69 S. E. 2d 85). These principles apply whether the alley or street extends from one street to another, or is a cul-de-sac extending only from one street to a terminus in another portion of the subdivision. Westbrook v. Comer, 197 Ga. 433 (1) (29 S. E. 2d 574); Aspinwall v. Enterprise Development Co., 165 Ga. 83 (1) (140 S. E. 67). And it is not essential to the acquisition of such easement by the purchasers that there was a dedication of the street to public use and acceptance thereof by the public, evidenced by its use. Hamil v. Pone, 160 Ga. 774 (2) (129 S. E. 94); Westbrook v. Comer, 197 Ga. 433 (3), supra.
2. Where a right of way or other easement is acquired by grant or deed, no duty is thereby cast upon the owner of the dominant estate thus *322 created to make use thereof or enjoy the same as a condition to the right to retain his interest therein, and the mere non-user of such an easement for a period however long will not amount to an abandonment. The mere fact that one does not immediately begin to exercise his right of use under an easement, or that he delays doing so for a number of years, would not occasion a loss of the easement. His right being complete, he could not be deprived of it except by express abandonment, or by such conduct as would be tantamount to the same. Westbrook v. Comer, 197 Ga. 433 (5); Ford v. Harris, 95 Ga. 97, 101 22 S. E. 144).
3. Where, as in this case, the petition alleges that although the owner of a tract of land located within the corporate limits of the City of Rome, Georgia, divided it into lots, streets, and alleys, and caused a map or plat of the same to be made and duly recorded, but that the city never worked and never exercised ownership over the particular portion of the street in question, there was no such acceptance of the street by the city as would constitute it a public street and confer upon the city the right to convey it to a private person, even though the charter of the city conferred upon it "full power and authority . . . in its discretion to close, dispose of and sell, or either of them, any street or alley within said city." Parsons v. Trustees of Atlanta University, 44 Ga. 529; Savannah Beach v. Drane, 205 Ga. 14 (1) (52 S. E. 2d 439); Maddox v. Willis, 205 Ga. 596 (2) (54 S. E. 2d 632).
4. While one cannot grant an easement over a right of way or street where he has parted with title to the street, or the servient fee (Westbrook v. Comer, 197 Ga. 433 (4)), where, as in this case, it is alleged that the maker of the plat and subdivision was the owner of the tract of land shown on the plat which was divided into lots and streets, and conveyed the lots now owned by the plaintiff to his predecessors in title, it is not incumbent upon the plaintiff to allege further that, at the time the owner conveyed such lots, he had not parted with title to the servient fee in the street shown on the plat.
5. The property right to an easement of the character mentioned in the preceding notes may be protected by injunction as against another person who, without the consent of the owner of such easement, attempts to close the street. DeGive v. Seltzer, 64 Ga. 423; Aspinwall v. Enterprise Development Co., 165 Ga. 83 (2) (140 S. E. 67); Mills v. Smith, 203 Ga. 444, 449 (2) (47 S. E. 2d 260); Maddox v. Willis, 205 Ga. 596 (6) (54 S. E. 2d 632).
6. Applying the foregoing principles to the allegations of the petition in the instant case, the petition stated a cause of action, and the trial judge properly overruled the general demurrers thereto.
Judgment affirmed. All the Justices concur.