## 32608. ARRINGTON et al. v. WATKINS.

NICHOLS, Chief Justice.

Watkins filed an action to enjoin the Arringtons from trespassing on his property. The defendants answered, contending they had acquired a prescriptive easement by virtue of more than seven years continuous use and that the road was shown on a plat referred to in their deed. Watkins had an easement across the land of Bradford known as Watkins Road. Bradford divided the land into two tracts using Watkins Road as the boundary and sold a 20-foot strip containing the easement to Watkins. The other tract was sold to the Arringtons. Although the Arrington tract had 371.9 feet frontage on the main road, he sought and obtained permission to use Watkins Road to enter his property.

The jury found in favor of Watkins, appellants' motion for new trial was overruled and they appeal, enumerating as error the usual general grounds of the motion for new trial, the charge given and the failure to give a requested charge.

1. The first three enumerations of error raise the usual general grounds. It was conceded by appellants that Watkins was the recordholder of the fee simple title to the property and the only issue submitted to the jury in this case was whether the appellants had acquired a prescriptive easement. The evidence was sufficient to sustain the verdict, and the trial court did not err in overruling the motion for new trial on these grounds.

2. The fourth enumeration of error complains of the court's failure to give a requested charge on the principle of law set forth in *Owens Hardware Co. v. Walters,* 210 Ga. 321 (80 SE2d 285) (1954). The reference in a deed to a tract of land that is bound by a certain road does not require the requested charge, particularly where there is no necessity for the purpose of ingress and egress. See *Westbrook v. Comer,* 197 Ga. 433 (4) (29 SE2d 574) (1944). The trial court did not err in failing to give the requested charge.

3. The fifth enumeration of error complains of the exclusion of a deed and plat of a witness for the appellants. Although the witness owned land contiguous to Watkins Road and appellants and the witness had purchased from a common grantor, he was not a party to this action. The trial court did not err in excluding these exhibits as being irrelevant to the issue on trial.

4. The sixth and seventh enumerations of error complain that the trial court erred in charging Code §§ 85-402 and 85-1404. The appellants' main contention was prescriptive title, while plaintiff contended the use was permissive and revocable at any time. The trial court did not err in giving these principles of law in charge to the jury.

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 9, 1977 — DECIDED SEPTEMBER 28, 1977.

*Hoyt L. Bradford,* for appellants.
*William W. Lavigno, III, Carl Puls,* for appellee.