## SCHRECK *v.* BLUN *et al.*

1. Where a grantor sells a lot of land, and in his deed describes the land as bounded by a street or way not expressly defined in the deed, but shown, upon a plat therein referred to, as laid out over the grantor's land, he is estopped to deny the grantee's right to the use of a street or way as delineated on such plat.

2. The grantee's right to the use of the entire street or way delineated on the plat is not affected by the fact that at the time of the grant the grantor was maintaining a gate thereon. The grantor being seized and possessed of the whole premises, including the street or way, there was nothing in the appearance of things upon the premises inconsistent with the terms of his deed.

Argued July 20,—Decided November 11, 1908.

Petition for injunction. Before Judge Charlton. Chatham superior court. June 27, 1908.

This controversy is between two adjacent land proprietors over a certain passageway between their respective tracts. The plaintiff, V. G. Schreck, owns a part of the Champion Falligant land. The origin and nature of the controversy will appear from the following statement: Champion G. Falligant, at the time of his death, was seized and possessed of a parcel of land located within the corporate limits of the city of Savannah, known as a part of the Springfield plantation. Immediately south of this tract and adjoining it, but without the city limits, is a tract known as the Wayne land, of which latter tract the subdivision lots 1, 3, 5, 7, 9, and 11 belong to Henry Blun. In 1894 the Falligant land was partitioned among his heirs, and one of the lots was assigned to Ruth M. Canty. In 1901 Ruth M. Canty sold and conveyed to Henry Blun the land awarded to her in the partition proceedings, and described in her deed as follows: "All that certain lot, tract, or parcel of land situate, lying, and being in the city of Savannah, county of Chatham and State of Georgia, containing three and sixteen one-hundredths (3 16/100) acres, and known on the map of said city as a portion of lot number forty-four (44) Springfield plantation, the said portion hereby conveyed being bounded on the north by a portion of said lot number forty-four (44) conveyed by the said Ruth M. Canty, October 31st, 1899, to the Georgia Construction Company, on the east by lot number forty-five (45) Springfield plantation, on the south by Gwinnett street extended, and on the west by the portion of said lot num-

ber forty-four (44) awarded in the partition proceedings above mentioned to the said Ruth M. Falligant, now the said Ruth M. Canty, and the children of the said Champion G. Falligant as heirs at law of the said Champion G. Falligant, all of which will more fully appear by reference to the map attached to the award of the appraisers in the partition proceedings above mentioned, and also to the plat of said property hereto attached." This deed was recorded in 1901. Upon the attached plat was delineated the whole Falligant property, with the different subdivisions, showing an extension of Gwinnett street sixty feet in width, a short distance beyond the Falligant property. This street was not laid off in the plat on the Falligant property, but on the adjacent Wayne land. In 1906 Henry Blun sold and conveyed the land purchased from Mrs. Canty to V. G. Schreck and described the land in his deed as follows: "All that certain lot, tract, or parcel of land situate, lying, and being in the city of Savannah, county of Chatham, and State of Georgia, containing three and seventeen one hundredths (3 17/100) acres, and known on the map of said city as a portion of lot number forty-four (44) Springfield plantation, the said portion hereby conveyed being bounded on the north by a portion of said lot number forty-four conveyed by Ruth M. Canty, October 31, 1899, to the Georgia Construction Company, on the east by lot number forty-five (45) Springfield plantation, on the south by Gwinnett street extended, and on the west by a portion of said lot number forty-four awarded to Ruth M. Falligant and her children in partition proceedings in the superior court of Chatham county, Georgia, December 17th, 1894, the said property hereby conveyed to the said Henry Blun by Ruth M. Canty by deed dated February 15th, 1901, and recorded in the office of the clerk of the superior court of Chatham county, Georgia, Book of deeds H, folio 37; together with all and singular the houses, yards, gardens, easements, hereditaments, rights, members, and appurtenances to the same belonging or in any wise appertaining." Attached to this deed, though not therein referred to, was a plat of the Canty lot, on which was given Gwinnett street as a southern boundary. The street was represented as a single line with no width stated.

In 1908 Schreck filed his petition against Blun to enjoin him from obstructing the passageway described on the plat annexed

to the deed from Canty to Blun, by maintaining gates over the passageway in front of his land at the southeastern corner thereof. On the hearing it appeared, that at the time Blun sold to Schreck he was the owner of subdivisions 1, 3, 5, 7, 9, and 11 of the Wayne land, over which the passageway is claimed; that Gwinnett street, if extended according to the Canty plat, would be outside of the limits of the city of Savannah, and would terminate in the land of Blun, not connecting on the western extremity with any avenue, road, or outlet; that, at the time of his conveyance to Schreck, Blun had leased the Wayne land, and his tenant was maintaining the gate now claimed as an obstruction; that plaintiff's land would be much more valuable if the whole of Gwinnett street extended as delineated on the plat was kept open; that Gwinnett street in the city, as shown by the official map, was 35 feet wide at the city limits. The plaintiff affirmed and the defendant denied that the purchase was made on the faith that Gwinnett street extended was as represented on the plat attached to the deed. The court in his second order, which rescinded and abrogated the first, adjudged that Schreck was entitled to have ingress and egress to and from the lot purchased from Blun by means of a right of way continuous from Gwinnett street east, in front of his lot not less than 35 feet in width, but no further; and enjoined the defendant from obstructing a passageway 35 feet wide in front of plaintiff's lot. The plaintiff excepts to this order, and contends that the defendant should have been enjoined from interfering with or obstructing any portion of the way delineated on the map attached to the deed from Canty to defendant, and referred to in the deed from the defendant to the plaintiff.

*Edward S. Elliott,* for plaintiff.

*George W. Owens,* for defendants.

EVANS, P. J. (After stating the facts.) It will not be seriously disputed that a person conveying premises by description in terms bounding them by a street of a specified width, the title to which he also owns, ordinarily gives his grantee the right to insist upon the existence and enjoyment of such street. So where an owner of land had it surveyed and laid off into lots, caused a plat of the same to be made which referred to a designated strip of land as a street, and sold the land with reference to such plat, a right of way over the strip of land designated in the plat as a

street passes to every purchaser at that sale, and the seller of the lots is estopped either from closing up the strip, or maintaining an obstruction in it existing at the time of the sale. *Ford* v. *Harris,* 95 *Ga.* 97 (22 S. E. 144). In that case it was clearly recognized that the right of the purchasers of lots abutting on a right of way over the street as delineated on the plan was not dependent on whether there was either an express or implied dedication of the street to the public. If it be a street laid out by the grantor over land which he sells in lots, there is necessarily an implied covenant that he will open it at least for the use of his grantees. And if a grantor sells a lot of land, and in his deed bounds it upon a private way over his land, he will be estopped by his deed from denying the existence of the way for its entire length as clearly indicated and prescribed. Tobey *v.* City of Taunton, 119 Mass. 404; Kenyon *v.* Hookway, 17 Misc. 452 (41 N. Y. Supp. 230). Some of the considerations inducing the purchase may have been the probability of having neighbors, particular uses to which the purchased premises might be put because of the street, and the prospect of an advance in value from buildings to be erected on other lots. The purchaser has a right to rely upon the plan which the grantor promulgated, and on which he acted. The same rule of estoppel applies to a deed where the street is not expressly defined, but shown upon a plat therein referred to. In such a case all the particulars upon the plat are to be regarded as if expressly recited in the deed. Derby *v.* Allen, 40 Conn. 410; Fox *v.* Union Sugar Refining Co., 109 Mass. 292. In the cases cited the land was located in a municipality, but the location of the land, whether inside or outside a town or city, does not affect the principle of estoppel, or its application.

It is argued that the Gwinnett street extension as delineated on the map is but a cul de sac; and that as the court adjudged the plaintiff was entitled to a way of access from Gwinnett street, by a projection of it along the width of his property, he has been accorded all that he could properly contend for under his deed. It is immaterial that the western end of the street as delineated does not connect with another way. The purchaser had the right to rely on the representation of the grantor, as contained in the plat: that the grantor had defined a specific part of his land as a street for the use of himself and his grantees. The right of the

purchaser to have the way kept open for his use is not limited to the extent of the land conveyed to him. Rogers v. Parker, 9 Gray, 445. Nor do we think that the plaintiff's right to have the entire way open is affected by the physical condition of the right of way at the time he purchased. In view of the fact that the defendant, at the time of the grant to the plaintiff, possessed and owned the whole premises, including the street, there was nothing in the appearance of things upon the premises at all inconsistent with the terms of the deed granting a right of way over Gwinnett street extension, as described in the deed. *Ford* v. *Harris,* supra.

We have reached the conclusion that the court erred in limiting the plaintiff's right to use Gwinnett street extension to the extent stated in his order; and the judgment is reversed because, under the facts appearing on the hearing, the defendants should have been temporarily enjoined from obstructing any part of Gwinnett street extension as delineated in the deed and plat.

*Judgment reversed. All the Justices concur.*