## GIBSON v. GROSS.

ATKINSON, J. 1. Where the owner of a lot of land which is bounded on one side by a street of a city locates a way thereon in such manner as to intersect with the street, and thereafter sells the part of the lot located at such intersection, and in describing the land to be conveyed the deed recites the street as one boundary and the way as another, referring to it interchangeably as an "avenue" and as an "alley," and the deed contains the further recital, "to have and to hold said tract or parcel of land unto" the grantee, his "heirs and assigns, together with all and singular the rights, members, . . and appurtenances thereof, to the same in any manner belonging, to her . . forever in fee simple," the grantee, will acquire an interest in the way so located, and the owner can not subsequently close it without his consent. *Wimpey* v. *Smart*, 137 *Ga.* 325 (73 S. E. 586), and cit.

(a) Under the principle above announced, where a purchaser of an entire tract of land, in possession under a bond for title, with a part of the purchase-money paid, lays out a way as indicated above, and negotiates a sale of the part thereof lying at the intersection of the way and the street to a third person, and causes a deed of the character already mentioned to be executed by his obligor directly to such vendee, and the

deed so executed contains recitals as above indicated; if subsequently, after having obtained a deed from the obligor in the bond for title to the entire lot described therein, with the exception of the smaller lot carved out as before stated, the obligee undertakes to close the way so laid out, he may be enjoined at the instance of the grantee to whom he caused the deed to be made.

2. In a suit against the person referred to in the preceding note as the obligee in the bond for title, by the person to whom he had caused the deed to be made, to enjoin him from closing the alley, the court properly struck an amendment to the plea which tended to contradict unambiguous recitals of the deed by setting up that the way referred to in the deed as an alley or avenue was not such in fact or so intended, and which did not seek to reform or cancel the deed upon allegations of fraud or mutual mistake. In this connection see *Manry* v. *Waxelbaum Co.*, 108 *Ga.* 14 (2) (33 S. E. 701); *Ozmore* v. *Coram*, 133 *Ga.* 250 (65 S. E. 448); *Dolvin* v. *American Harrow Co.*, 125 *Ga.* 699, 706 (54 S. E. 706, 28 L. R. A. (N. S.) 785).

3. Where it is desired to review by direct bill of exceptions the ruling of the trial court in rejecting an amendment to the pleadings, the proffered amendment, either literally or in substance, must be set out in the bill of exceptions or attached thereto as an exhibit. The mere general reference in the bill of exceptions to the rejected amendment is too general and indefinite to raise any question for adjudication. *Cornwell* v. *Leverette*, 127 *Ga.* 163 (56 S. E. 300).

4. The evidence was sufficient to support the verdict.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

FEBRUARY 10, 1915.

Equitable petition. Before Judge Hammond. McDuffie superior court. September 3, 1913.

*J. B. Burnside* and *L. D. McGregor,* for plaintiff in error.

*Callaway, Howard & West,* contra.