TIETJEN *et al. v.* MELDRIM *et al.*

680

No. 7281.   January 14, 1930.

*Farr & Richter,* for plaintiffs.

*Oliver & Oliver,* for defendants.

HINES, J. (After stating the foregoing facts.)

The plaintiffs filed a general demurrer to the answer of the defendants as a whole. A portion of the answer was proper and good in substance. In these circumstances the court did not err in overruling the general demurrer to the whole answer. *Blaylock* v. *Hackel,* 164 *Ga.* 257 (138 S. E. 333) ; *Beasley* v. *Anderson,* 167 *Ga.* 470 (146 S. E. 22).

But we are of the opinion that some of the special grounds of demurrer were well taken. In paragraph 2 of their answer the defendants admit that the deeds to the lots owned by Mrs. Meldrim bound and describe the same by reference to the map of said subdivision; but in the last two sections of said paragraph they aver that said description and boundaries were for the sake of convenience only, that in fact there have never been any streets, ways, or boulevards where defendant owns her lots, and that said

boundaries are purely fictitious; and they deny that said map or plat constitutes a part of her deeds, and that she accepted the same for the purposes above stated. The plaintiffs demurred specially to these two portions of this paragraph of the answer, upon the grounds that the averments therein are conclusions of the pleader on a question of law, and set up no defense to the bill. The trial judge overruled this ground of special demurrer. In this we think he erred. In the averments against which this special demurrer was urged, the pleader sets up a mere conclusion of law, as we shall undertake to show later in that portion of this opinion in which we deal with the rights of the purchasers under their deeds of conveyance to lots embraced in this subdivision; and for this reason said averments set up no defense to the plaintiffs' cause of action.

In the 7th paragraph of the second amendment to their answer the defendants aver that the abandonment of the alleged ways occurred by the actual abandonment thereof, and by the failure of said company to open the same to public use, and by failure of the plaintiffs to open the same to public use, and by failure of the public or any governmental authority to accept and use said ways; and defendants aver that such abandonment occurred a sufficiently long time ago to raise a presumption of abandonment and loss by nonuser; and that said abandonment occurred by the failure of the plaintiffs or their predecessors in title to open said ways. The plaintiffs demurred specially to this paragraph of the answer, upon the ground that it set up no valid defense and was insufficient in law and equity. They further demurred specially to the following allegation in said paragraph: "that said defendants aver that said abandonment occurred a sufficiently long time ago to raise the presumption of abandonment and loss by nonuser," because the same is a conclusion without facts on which to base it. They likewise specially demurred to the averment in said paragraph of the answer contained in the words, "the abandonment of the alleged ways occurred by the actual abandonment thereof," in that the same is a conclusion without facts on which to base it, and does not show how said actual abandonment occurred, and how such abandonment was effected and by whom. The trial judge overruled these grounds of special demurrer. In this we are of the opinion that he erred. The mere fact that the plaintiffs did not immediately begin to exercise their right to use these streets, or that

694

they delayed doing so for a number of years, would not occasion a loss of the easement. Their right to it being perfect and complete, they could not be deprived of it except by express abandonment, or by such conduct on their part as would be tantamount to the same. *Ford* v. *Harris,* 95 *Ga.* 97 (22 S. E. 144). Further on in this opinion we shall see that generally no presumption of abandonment arises from nonuser of an easement for a time less than that required for the perfection of the easement by prescription. The averment "that said abandonment occurred a sufficiently long time ago to raise the presumption of abandonment and loss by nonuser" is a mere conclusion of the pleader, without facts upon which to base it, and should have been stricken on special demurrer. The further averment that "the abandonment of the alleged ways occurred by the actual abandonment thereof" is likewise a mere conclusion of the pleader, without facts on which to base it, and should have been stricken on special demurrer.

■ After giving to the jury the instruction set out in the 4th ground of the motion for new trial, which was favorable to the right of the plaintiffs to recover, the judge added the qualification, "unless the right to use the ways or easements was abandoned or lost by nonuser." After giving in charge a principle of law requested by plaintiffs, which is set out in the 5th ground of the motion for new trial, the judge again added a similar qualification. Again, after giving the principle requested by plaintiffs, which is set out in the 7th ground of the motion for new trial, the trial judge qualified the same by adding: "but they are not estopped from averring and proving that the easement has been lost by abandonment or nonuser." Again, the trial judge, after giving in charge to the jury, at the request of the plaintiffs, the principle of law set out in the 8th ground of the motion for new trial, added thereto the qualification set out in the ground of the motion last above dealt with. Again, after giving the instruction set out in the 10th ground of the motion, the judge qualified the same by adding: "but I charge you further that an easement, that is a right to use a street, may be lost by abandonment or forfeited by nonuser." To these qualifications of the instructions set out in the foregoing grounds of their motion the plaintiffs excepted. Among the grounds of exception are: (a) These qualifications are contrary to law. (b) An easement of way resting upon a grant thereof can not

be lost by nonuser. (c) An easement of way acquired by grant can not be lost or forfeited by mere abandonment, unless the parties setting up the abandonment establish better title by prescription or otherwise. (d) The above qualifications are in conflict with another instruction given by the court to the jury, as follows: "An easement acquired by grant can not be lost by mere nonuser, without further evidence of an intention to abandon;" and they tended to confuse and mislead the jury.

These qualifying instructions were given by the court upon the theory that the right of the plaintiffs, who owned lots abutting upon the streets in this subdivision, and who had acquired all rights of the former owner who had laid out this subdivision into streets and lots, was an easement, which would be lost by nonuser or abandonment. These qualifying instructions were inaccurate, and tended to confuse and mislead the jury. Where an easement of way is acquired by mere user, the doctrine of extinction by mere non-user may in reason apply; but where such easement is acquired by grant, the doctrine of extinction by nonuser should not apply. Where an easement has been acquired by grant, mere nonuser, without further evidence of an intent to abandon it, will not constitute an abandonment. *Mayor &c. of Savannah* v. *Barnes,* 148 *Ga.* 317 (96 S. E. 625, 9 A. L. R. 419); *A. & W. P. R. Co.* v. *Atlanta,* 156 *Ga.* 251 (4) (119 S. E. 712). The authorities in other jurisdictions are fairly agreed that where a right of way or other easement is created by grant, deed, or reservation, no duty is thereby cast upon the owner of the dominant estate thus created to make use thereof or enjoy the same as a condition to the right to retain his interest therein, and that the mere nonuser of such an easement for any length of time will not extinguish the same. 10 Am. & Eng. Enc. Law (2d ed.) 436; 1 A. L. R. 884, note 1, and cit. The mere nonuser of an easement created by deed, for a period however long, will not amount to an abandonment. 19 C. J. 942 (§ 151) (2). It follows that the court erred in giving to the jury the qualifications to the instructions embraced in the foregoing grounds of the motion for new trial, such qualifications being to the effect that the right of the plaintiffs to use the ways or easements claimed by them might be lost by nonuser or abandonment alone.

This error was not cured by a later instruction that "An easement acquired by grant can not be lost by mere nonuser, without

further evidence of an intention to abandon." Without a further instruction that the easement involved in this case was one acquired by grant, the two instructions might well appear to the jury to be in conflict, and were well calculated to mislead and confuse the jury. The jury should not be left to decide between conflicts or seeming conflicts in the charge. *Preston* v. *Ham,* 156 *Ga.* 223, 236 (119 S. E. 658). A charge containing two distinct propositions conflicting the one with the other is calculated to leave the jury in such a confused condition of mind that they can not render an intelligible verdict. *Morris* v. *Warlick,* 118 *Ga.* 421 (45 S. E. 407). Where an erroneous charge on a material issue is of such a nature as is calculated to confuse or mislead the jury, a new trial will be granted, notwithstanding the correct rule may have been announced in another portion of the charge. *W. & A. R. Co.* v. *Clark,* 117 *Ga.* 548 (44 S. E. 1). So we are of the opinion that the qualifications to the instructions embraced in the foregoing grounds of the motion for new trial were not cured by the later charge of the court upon this subject; and they require the grant of a new trial.

■ The court, at the request of counsel for the plaintiffs, gave to the jury the instruction set out in the 6th ground of their motion for new trial; but added this qualification: "unless the right to object has been lost." To this qualification the plaintiffs except upon the grounds: (a) that the court did not instruct the jury how this right could be lost; (b) that the instruction contains the inference that the right could be lost in the sense of divesting or destroying a property right without aid of limitation or estoppel; (c) that the charge contained a correct principle of law applicable under the pleadings, and should have been given without the qualification. We do not think that the court erred in giving this qualification, for any of the reasons assigned.

■ In the 9th ground the plaintiffs except to a charge in which the contentions of the defendants are stated. The grounds of exception are fully set out in the statement of facts, and need not be repeated. The court did not instruct the jury that they should find for the defendants if these contentions were found by them to be true. So the first ground of exception is not well taken. The plaintiffs further except to the statement of the contentions of the defendants, upon the grounds that (a) the burden was on the de-

fendants to prove, by evidence clear and unequivocal, acts decisive of abandonment, and not by the greater weight of evidence, and (b) this statement of the contentions of defendants was in conflict with the previous charge that an easement could not be lost by nonuser, and was calculated to and did mislead and confuse the jury, because they would be unable to decide what was the correct rule of law. These exceptions are not well taken.

■ In the 11th ground the plaintiffs except to the refusal of the court to give in charge to the jury, when duly requested in writing, the following instruction: "If the owner of this tract of land divided it into lots, which it sold to various purchasers, and in its deeds of conveyance to such purchasers described these lots as abutting on a street, the owner leaving a space for such street, the owner and any one claiming a portion of any such street are estopped to deny that such street is in fact a street." This instruction was applicable and pertinent under the pleadings and evidence in this case. When a grantor sells lots of land, and in his deeds describes them as bounded by streets, not expressly mentioned in the deeds, but shown upon a plat therein referred to as laid out in a subdivision of the grantor's land, he is estopped to deny the grantees' right to use the streets delineated in such plat. *Ford* v. *Harris,* supra; *Schreck* v. *Blun,* 131 *Ga.* 489 (62 S. E. 705); *Wimpey* v. *Smart,* 137 *Ga.* 325 (73 S. E. 586); *Gibson* v. *Gross,* 143 *Ga.* 104 (84 S. E. 373). By parity of reasoning those claiming under such conveyances are estopped from denying the existence of the streets so delineated upon the plat of the subdivision and given as boundaries of lots acquired by these and others from the grantor or those claiming under him. All persons claiming under such grantor are forever estopped to deny their existence. 19 C. J. 928 (§ 127) b.

■ Plaintiffs requested the court to give in charge to the jury the instruction set out in the 12th ground of their motion for new trial. This the trial judge refused to do. We do not think that this instruction as a whole contained a correct statement of law. The purpose of the request was to have the court give to the jury the principle of law embodied in section 3725 of the Civil Code. A comparison of the requested instruction with this section will show that the request did not, as a whole, contain an accurate statement of the law embraced in such section. For instance,

the court was requested to charge the jury that a cotenant must show that he had actually ousted his cotenant, "or demanded such exclusive right." The correct statement of the law is that the cotenant must show exclusive possession after demand, and not that he demanded such exclusive right. In other respects this instruction was not accurate, and the trial judge did not err in refusing to give it.

■ We are of the opinion that the court should have given in charge to the jury the principles of law embraced in the requests set out in the 13th and 14th grounds of the motion. The instructions requested contained correct principles of law applicable under the facts of this case, as we shall hereafter undertake to show.

■ We do not think that the court erred in refusing to give the requested instructions set out in the 15th and 16th grounds of the motion. We do not think that these instructions contain correct and accurate principles of law; and for this reason the trial judge did not err in refusing to give them in charge.

■ The most important question in this case is, whether the right of way over the streets in this subdivision, acquired by the purchasers of these lots from the owners thereof, can be lost by abandonment; if so, under what circumstances will such abandonment arise; and in case of abandonment, to whom does the abandoned estate revert? When the owner of these lands laid them out into streets and lots, which were designated by numbers on a map or plat, and sold the lots by such numbers and as bounded by such streets, expressly referring in the deeds conveying the lots to these streets as boundaries, the purchasers acquired rights of way over the streets so laid off. *Bayard* v. *Hargrove,* 45 *Ga.* 342; *Ford* v. *Harris,* supra; *Murphey* v. *Harker,* 115 *Ga.* 77 (41 S. E. 585); *Schreck* v. *Blun,* supra; *Hamil* v. *Pone,* 160 *Ga.* 774 (129 S. E. 94); 19 C. J. 928 (§ 127) b. In these circumstances the purchasers and those claiming under them acquired the right of way over these streets as appurtenant to the lots purchased and so conveyed to them. These purchasers having thus acquired the right to pass over these streets, as one appurtenant to their lots, can their right or title to the use of these thoroughfares be lost by abandonment? At common law, a perfect legal title to a corporeal hereditament can not be lost by abandonment. 1 C. J. 10 (§ 14), C. This principle has been declared by this court. It has been an-

nounced by this court in a number of cases that title to land can not be lost by the holder thereof by abandonment. *Tarver* v. *Deppen*, 132 *Ga.* 798 (7) (65 S. E. 177, 24 L. R. A. (N. S.) 1161); *Mitchell* v. *Crummey*, 134 *Ga.* 383 (4) (67 S. E. 1042); *Callaway* v. *Beauchamp*, 140 *Ga.* 207 (4) (78 S. E. 846). Is this principle applicable to rights of way acquired by grant by purchasers of lots in this subdivision, and in the manner· set forth above? As lots in this subdivision were sold, and the purchasers got their deeds thereto, the purchasers acquired title to the lots and the rights of way over these streets as appurtenant thereto. The fee in the land embraced in the streets became vested in the owners of the abutting lots to the middle of the street, subject to the rights of way over the same in favor of the purchasers of the lots in this subdivision, for the purposes of ingress and egress to and from their lots. *Hanbury* v. *Woodward Lumber Co.*, 98 *Ga.* 54 (26 S. E. 477); *Harrold* v. *Americus*, 142 *Ga.* 686 (83 S. E. 534). These purchasers acquired a clear title to their lots, a complete right to the rights of way in and over these streets as appurtenant to their lots, and title in fee in one half of the soil embraced in the streets adjoining their lots.

But these rights of way or easements are incorporeal hereditaments appurtenant to these lots. As to abandonment there is a distinction between corporeal and incorporeal hereditaments. We have seen that the former can not be lost by abandonment; but the latter may be extinguished under certain circumstances. This distinction was recognized in *Tarver* v. *Deppen,* supra. As we have stated in the second division of this opinion, an easement of way, acquired by grant, will not be lost by nonuser for any length of time, unless there is clear and unequivocal evidence of an intention to abandon it. Furthermore, no presumption of abandonment arises from mere nonuser for a time less than that required for the perfection of the easement by prescription. When, however, such nonuser is accompanied by acts manifesting a clear intent to abandon, and which destroy the object for which the easements were created or the means of their enjoyment, an abandonment will take place. 19 C. J. 943 (§ 153) (4). "The evidence to establish a forfeiture of an easement by abandonment or nonuser must be decisive and unequivocal." *Gaston* v. *Gainesville &c. Ry. Co.*, 120 *Ga.* 516 (48 S. E. 188). Such an easement will be lost when ex-

pressly abandoned by the owner. *Ford* v. *Harris,* supra. Again, a party entitled to a right of way over land of another may abandon and extinguish such rights by acts in pais, and without deed or other instrument in writing; but the acts relied on as evidence of the intent to abandon must be of a clear, unequivocal, and decisive character. 19 C. J. 940 (§ 149) b, note 19, and cit. "In order to extinguish an easement created by grant, there must be some conduct on the part of the owner of the servient estate adverse to, and in defiance of, the easement, and the nonuse must be the result of it, and must continue for the statutory period of limitation; or, to produce this effect, the nonuse must originate in, or be accompanied by, some unequivocal acts of the owner, inconsistent with the continued existence of the easement, and showing an intention on his part to abandon it; and the owner of the servient estate must have relied or acted upon such manifest intention to abandon the right, so that a subsequent assertion of it would work him injury." 1 Thompson, Real Prop. 753, § 637; Mason *v.* Horton, 67 Vt. 266 (31 Atl. 291, 48 Am. St. R. 817).

■ Do the facts appearing in the record show an abandonment by the plaintiffs of their easements of way over and in the streets in this subdivision? In the first place, all acts of the Wilmington Island Pleasure and Improvement Company tending to show that it, after having laid off portions of its land into lots, streets, and boulevards, and after having sold a number of said lots to various purchasers, became insolvent, and had all of its property, including its unsold lots in this subdivision, sold by a receiver under a decree of the court winding up its business, and that it had wholly abandoned the enterprise, should be disregarded in determining whether the plaintiffs had lost their easements of way in the streets and boulevards which had been laid out and delineated upon maps or plats under which the company had sold a considerable number of its lots. This is so for the reason that the question is not whether this company had abandoned the enterprise, but whether the plaintiffs had lost their rights or easements of way by abandonment or otherwise. The plaintiffs are either original purchasers at the receiver's sale of the lots owned by them, or they are representatives of such purchasers, or are successors in title of such purchasers. Plaintiffs proceeded to sell the lots in the subdivision of said property, as per the original map or plat

thereof made by the company and by a subsequent map representing the complete subdivision of its lands owned by said company. They adopted the subdivisions made by the Wilmington Island Pleasure and Improvement Company, and sold the lots owned by the defendant, Judith F. Meldrim, according to the plans or plats of said subdivision, and in all the deeds to these lots they are described by the numbers appearing on said maps or plats, and as bounded by the streets or boulevards delineated thereon. Judith F. Meldrim claims title directly from Eugene Klein, and from her husband, who acquired title from Klein. In the deeds to Klein and in the deeds to her husband the lots are described by the numbers appearing on the map of the original subdivision of these lands, and as bounded by the streets delineated on said map or plat. In the deeds from her husband and Klein to the lots owned by her in this subdivision, her lots are described by the numbers on said map or plat and as bounded by the streets delineated thereon. Thus she and her immediate predecessors in title recognized and adopted this subdivision; and they are estopped to deny the existence of these streets. They purchased and sold these lots in accordance with the plan or map of this subdivision. None of the acts upon which Mrs. Meldrim relies to show an intentional abandonment of these easements by the plaintiffs occurred subsequently to the time she acquired these lots, except nonuser thereof by them; and we have seen that such nonuser alone will not create an abandonment by the plaintiffs of their rights of way over these streets. Furthermore, there is no evidence of clear, unequivocal, and decisive acts on the part of the plaintiffs tending to show any intentional abandonment by them of their rights of way over these streets.

So we are of the opinion that the verdict finding for the defendants upon the issue of abandonment of their easements of way over these streets is without evidence to support it, and it should be set aside. There is no evidence in the record tending to show that the defendants acquired a title by prescription to the land embraced within these streets which they have closed up, or that the plaintiffs have lost their rights of way over these streets in any other way provided by law. Furthermore, an abandonment by the plaintiffs of their easements of way in and over these streets would not result in vesting the title in Judith F. Meldrim to all the soil

embraced therein. At most Mrs. Meldrim would only be entitled to one half of the land embraced in these streets next to and adjoining her lots. There is no law .which would entitle her to all the land embraced in the streets adjoining her lots, even if all the purchasers of lots in this subdivision had abandoned their easements of way therein.

*Judgment reversed. All the Justices concur.*