## HOLDER *v.* JORDAN REALTY COMPANY.

ATKINSON, J. A proprietor subdivided his land by laying it out into city lots and an alley which connected with a street in the city, and caused a plat thereof to be made and recorded in the office of the clerk of the superior court. Lot number 4, shown by the plat to abut on the alley, was sold at auction, and a deed of conveyance was made to the purchaser and was duly recorded. Before any other lot was sold the proprietor died, and in the distribution of his estate another plat was made which was recorded on the minutes of the court of ordinary. The second plat did not expressly refer to the first, but was quite similar to it except that it represented the alley to stop at the line of division between lots numbers 3 and 4 and from that point to show lot number 5 as extending to the line of lot number 4, thus leaving no alley at the rear of that lot. In a suit instituted by Holder claiming title under the heirs of the proprietor to lot number 5 as indicated on the second plat, against the Jordan Realty Company claiming title under the original proprietor to lot number 4 as indicated on the first plat, the defendant set up a right of easement in the alley for ingress and egress from the rear of lot number 4. The defendant's deed from the common source being the senior in point of execution and record, the judge directed a verdict for the defendant, and the exception is to that judgment. *Held:*

1. The descriptive clause in the defendant's deed from the original proprietor is: "That tract of land in the City of Macon, County and State aforesaid, being known in the plan of said city as lot No. four of subdivision of lot No. 7, square 53, southwest commons, and further described as follows: beginning on College Street at a point 171 feet from the corner of Hazel Street, thence at right angles 120 feet, thence at right angles 58 feet, thence at right angles 120 feet, thence at right angles 58 feet to the starting point."

(*a*) It is an established principle in this State, that the description of the property conveyed in a deed is sufficiently certain when it shows the intention of the grantor as to what property is conveyed and makes its identification practicable (*Price* v. *Gross,* 148 *Ga.* 137 (2), 96 S. E. 4; *Crider* v. *Woodward,* 162 *Ga.* 743, 748, 135 S. E. 95), and that in such instance the identification may be supplied by extrinsic evidence. *Han-*

*cock* v. *King*, 133 *Ga.* 734 (66 S. E. 949); *Reeves* v. *Whittle*, 170 *Ga.* 408 (153 S. E. 53).

(b) The foregoing descriptive clause expressly names a designated lot "of subdivision of lot No. 7, square 53, southwest commons," in the City of Macon, as the property intended to be conveyed. This reference to a "subdivision" is sufficient to make the plan of subdivision contemplated by the grantor a part of the deed without expressly describing the plat or its contents, and such plan could be shown by extrinsic evidence. If the extrinsic evidence shows that at the time of the conveyance the grantor had caused the land to be subdivided according to a plan and a plat thereof to be made and recorded, which showed lot No. 4 to abut on an alley, and sold the lot No. 4 with reference to such plan and made his deed in pursuance of such sale, with descriptive clause as above indicated, the conveyance would include an easement in the alley as well as the said lot No. 4 (*Bayard* v. *Hargrove*, 45 *Ga.* 342; *Harrison* v. *Augusta Factory*, 73 *Ga.* 447), and will estop the grantor and his privies in estate from denying existence of the alley. *Ford* v. *Harris*, 95 *Ga.* 97 (22 S. E. 144); *Schreck* v. *Blum*, 131 *Ga.* 489 (62 S. E. 705); *Ashford* v. *Walters*, 160 *Ga.* 350 (127 S. E. 758); *Hamil* v. *Pone*, 160 *Ga.* 774 (129 S. E. 94); *Tietjen* v. *Meldrim*, 169 *Ga.* 678 (9) (151 S. E. 349).

2. It was not erroneous to refuse to rule out evidence to the effect that the land in question was the part of the alley in the rear of lot number 4, that the lot was offered for sale at auction and sold by the original proprietor with reference to the plat he had caused to be made and recorded, and that said plat was the only plat in existence at the time of the sale; the ground of objection being that all prior negotiations were merged in the contract of sale as expressed by the deed, and that it was not permissible to add anything to that instrument.

3. If there was any error in refusing to rule out testimony that witness "understood that there was a ten-foot alley in the rear of this lot," that "the alley stopped at the Findlay property," and that defendant bought lot number 4 according to the first plat referred to above, it was not cause for reversal.

4. It was not erroneous to admit in evidence the plat which the original proprietor had caused to be made and recorded, over the objection (a) that it was irrelevant and immaterial, (b) that it was not a plat of the City of Macon, (c) that it was offered to add to a deed that speaks for itself, (d) that the deed does not refer to any plat or drawing, (e) that the deeds under which defendant claims use the language, "being known in the plan of said city as lot No. 4, square 53," which would prevent defendant from introducing the plat and claiming anything under it.

5. The plaintiff, claiming under a deed from the heirs of the original proprietor according to a subdivision made by them, took with notice of the senior and duly recorded deed executed by the original proprietor individually, based on a prior subdivision, and under which the defendant claims. Under the pleadings and the evidence the finding for the defendant was demanded, and the judge did not err directing the verdict.               *Judgment affirmed. All the Justices concur.*

No. 7302. July 17, 1930.

*Hall, Grice & Bloch,* for plaintiff.
*Park & Strozier,* for defendant.