**BEALS et al. v. CITY OF ATLANTA.**

No. 6744.

Circuit Court of Appeals, Fifth Circuit.

Oct. 29, 1932.

Granger Hansell, of Atlanta, Ga., for appellants.

Jas. L. Mayson, of Atlanta, Ga., for appellee.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

SIBLEY, Circuit Judge.

This appeal is from a decree refusing an injunction and dismissing a bill in equity, and concerns the use of a cul-de-sac alley as an approach to the side entrance of the City Hall of the city of Atlanta. There is no substantial dispute of fact. The complainants below, appellants here, own stores on a lot which extends 86 feet along the north side of the alley. The alley then continues eastward 43 feet further through lands owned by the city of Atlanta to a side entrance of the City Hall. The city also owns the land across the alley from the lot of complainants, and that on all other sides of the City Hall, and there is an entrance and street approach to the City Hall from each other side. The land along the alley opposite that of complainants is used as a parking lot for automobiles, whence persons alighting may go up the alleyway to the side entrance, or may walk over the city's lands to it. Some leave their cars in the street and walk up the alley. Nine-tenths of those entering the City Hall, however, go to the front entrance. Very few persons walk the alley, and there is no proof that they walk on complainants' side of it. No cars are parked in it, and it is always open for use by the tenants of complainants, but in fact the stores have no opening on it, and no use is or ever has been made of it by them. The alley was steep and unusable until the city at its own expense graded and paved it in July, 1930. The city in 1927 had bought from complainants the parking lot which extended along the whole length of the alley; the City Hall being built partially on this very lot. The conveyance referred to the subdivision by which the alley was created, and to complainants' deed to the lot by which the lot was granted, "together with the privilege of using the 15 foot alley on the northwest side of said tract in common with owners of other lots adjoining said alley." The City Hall, a large and costly fourteen-story building completed in February, 1930, stands about one-half on lots which adjoined the alley and about one-half on lands to which the alley easement was not appurtenant. The complainants' bill claimed that the alley was being used for purposes to which it was not subject, and that its value as a passageway to their property was thereby greatly lessened, and that its use by the city was a continuous trespass and a nuisance, causing irreparable loss for which there was no adequate remedy at law. Their prayer was that the city of Atlanta be permanently enjoined from using the alley as a method of ingress and egress to and from the City Hall, and for general relief.

The complainants contend that their title, like that of the city on the other side of the alley, extends to the center of the bounding alley subject to the alley easement, Tietjen v. Meldrim, 169 Ga. 697, 151 S. E. 349; Hanbury v. Woodward Lumber Co., 98 Ga. 54, 26 S. E. 477; Harrold Bros. v. Americus, 142 Ga. 686, 83 S. E. 534; 9 C. J. Boundaries, § 106; and that one passing along the alley over their land for the purpose of access to the parts of the City Hall which are on ground to which the easement is

not appurtenant is a trespasser. Diocese of Trenton v. Toman, 74 N. J. Eq. 702, 70 A. 606; McCullough v. Broad Exchange Co., 101 App. Div. 566, 92 N. Y. S. 533, affirmed 184 N. Y. 592, 77 N. E. 1191; 19 C. J. Easements, § 227. Conceding the correctness of these contentions, we yet think the injunction was properly refused. The building is 43 feet from the complainants' land. The city has a right to place entrances in its own building on its own land where it pleases. It has a right to use the whole alley by its servants and agents and invitees to approach the half of the building which rests on land which the alley was laid out to serve. The whole alley may also be lawfully used by any person desiring to park his car with the city's permission on the parking lot, and, where that is his immediate purpose and act, we do not see that he would become a trespasser because he afterwards over the city's land goes to any part of the building. The use of the alley by pedestrians is negligible, and those who walk on the city's half of the alley do not trespass on complainants' land no matter what their destination. There is no proof that the city has commanded or encouraged any person to use the alley for an unauthorized purpose so as to make the city a party to that person's trespass. No scintilla of actual damage from any trespass is shown.

The paving of the alley is not complained of, and was necessary to make the alley really usable. Concededly the paving advantaged the complainants' property. No damage, much less irreparable damage, has in any respect occurred or is likely to. The fear that the easement may be prescriptively enlarged through repeated trespasses can be met by a suit at law to vindicate by nominal damages the complainants' right, should any trespass in fact occur. By a sign put at the alley's entrance, information and warning may be given to those about to use it. The suggestion that the city should partition its building to effectually prevent persons who are going to and from the nondominant portions from using the alley is too drastic to be equitable. Such an arrangement would involve all fourteen stories and a double elevator system, and would prevent entrance to the dominant half except from the alley, and would thus much increase the actual use of the alley; besides wrongfully preventing access to that half of the building from its other half or from the other entrances. Moreover, the building is publicly owned and publicly used, and a court of equity will in such a case often refuse an injunction otherwise proper and leave the party to his legal remedies when inconvenience to the public business will be greater than the advantage secured to the complainants. 32 C. J. Injunctions, § 66; New York City v. Pine, 185 U. S. 93, 22 S. Ct. 592, 46 L. Ed. 820. The conditional relief decreed in the cited case is not proper in this one, because there is here neither tort clearly proven against the city nor substantial damage done or about to be done by it. While the city of Atlanta can condemn the complainants' land under the alley, it does not want it and has not taken or damaged it. All that the city has done may be referred to and be justified by its existing rights. Any trespasses on complainants' land that may have occurred are primarily the acts of individuals. The prayer to enjoin totally the use of the alley is plainly inequitable and contrary to the city's rights. If the court should undertake to enjoin its use for approaching and leaving the non-dominant parts of the building only, it would be impracticable to apply and enforce the injunction. One person entering the building might intend going to several different parts of it; another might think his business took him to one side and find out that he had to go to the other; a third might be wholly ignorant of the decree. The court did not err in refusing the injunction prayed.

It is urged that the bill ought to have been retained under the prayer for general relief in order to assess damages. If damages for trespass are meant, none have been shown. If damages for a taking of property are meant, none are due, for no property of complainants has been taken by the city. And damages, if damages are due, ought to be recovered at law and not in equity.

The decree of dismissal for lack of ground for equitable relief is affirmed.