### THOMPSON *v.* HUTCHINS.

CANDLER, Justice. Hutchins filed a suit against Thompson to enjoin him from interfering with the use of a certain private way. The petition in substance alleged: W. E. Shaw, in 1932, owned a boundary of land in DeKalb County, locally known as the "Mrs. L. F. Shaw Estate." During October of that year, Shaw had it surveyed by the county surveyor, laid off into tracts, and a plat or blueprint of it made. As platted, State Highway No. 12 is the north boundary line of tracts 1

and 2 of Shaw's subdivision, and tract 5 is south of and adjacent to them, but not contiguous to any road. The plat or blueprint delineated a road or passageway beginning at State Highway 12 and extending south across and along the west side of tract 2 to tract 5. The strip delineated on tract 2, parallel with the west line thereof, had been used by the owner continuously, for more than thirty years, as a private way, and as his only means of ingress from the highway to the land presently embraced in tract 5 and for egress therefrom to the highway. On April 1, 1944, Shaw caused the several tracts of his subdivision to be offered for sale at public auction. Copies of the plat or blueprint of it, as prepared by the county surveyor, were distributed among the bidders present and the auctioneer, in the presence of the owner, publicly announced to those present at the sale that the purchaser of tract 5 would have a right to use the existing road on the west side of tract 2, as delineated by the plat or blueprint, as a means of ingress and egress from and to State Highway 12. The plaintiff, from a copy of the plat or blueprint furnished him, purchased tract 5 of the subdivision, and W. E. Shaw executed and delivered to him a warranty deed for it on April 18, 1944. His deed from Shaw was duly recorded April 27, 1944; and it contained this recital: " . . being tract No. 5 as shown by blueprint of survey of the subdivision of the estate of Mrs. L. F. Shaw made by M. F. Mable, County Surveyor, dated October, 1932, and said tract containing 77 acres according to said blueprint." The defendant purchased tracts 1 and 2 of the same subdivision from W. E. Shaw on May 21, 1946. At the time of the defendant's purchase, he likewise was furnished with a copy of the same plat or blueprint which the plaintiff had at the time of his purchase, and his deed from Shaw recited: " . . and being described as per plat made by M. F. Mable, Surveyor, October, 1932,. . . " As his only means of egress and ingress from and to tract 5 of Shaw's subdivision, the plaintiff had used the road on tract 2, as delineated by the plat or blueprint by which he purchased, for more than two years before the defendant acquired tract 2, and was using it for that purpose at the time of the defendant's purchase. The defendant had completely closed the plaintiff's passageway on tract 2 and notified him, in writing, of his intention to keep it permanently closed. General and special demurrers were interposed to the petition, and the exception is to a judgment overruling them. *Held:*

1. The allegations of the petition were sufficient to state a cause of action for the relief sought and it was, therefore, not erroneous, as contended, for the trial judge to overrule the defendant's general demurrer.

(a) In *Ford* v. *Harris*, 95 *Ga.* 97 (22 S. E. 144), this court said: "Where the owner of land in a city had it surveyed and laid off into lots, caused a plat of the same to be made which referred to a designated strip of land, shown on the plat, as an avenue, this strip belonging to the owner of the lots and being so situated as to afford an outlet from the lots into a public street of the city; and where, after distributing copies of this plat, the owner sold the lots at public auction, representing that they were sold by the plat, and in the deed to the purchaser mentioned this plat as descriptive of the property, the purchaser at the sale and his successors in title acquired the right to use this strip as a way to

and from the lots, and the seller had no right to subsequently close the strip, or to maintain an obstruction in it existing at the time of the sale." See also *Schreck* v. *Blun*, 131 *Ga.* 489 (62 S. E. 705); *Ashford* v. *Walters*, 160 *Ga.* 350 (127 S. E. 758); *Wimpey* v. *Smart*, 137 *Ga.* 325 (73 S. E. 586); *Gibson* v. *Gross*, 143 *Ga.* 104 (84 S. E. 373); *Aspinwall* v. *Enterprise Development Co.*, 165 *Ga.* 83 (140 S. E. 67); *Tietjen* v. *Meldrim*, 169 *Ga.* 678 (151 S. E. 349). In the *Tietjen* case, it was said: "When a grantor sells lots of land, and in his deeds describes them as bounded by streets, not expressly mentioned in the deeds, but shown upon a plat therein referred to as laid out in a subdivision of the grantor's land, he is estopped to deny the grantees' right to use the streets delineated in such plat. [Citing cases]. By parity of reasoning those claiming under such conveyances are estopped from denying the existence of the streets so delineated upon the plat of the subdivision and given as boundaries of lots acquired by these and others from the grantor or those claiming under him. All persons claiming under such grantor are forever estopped to deny their existence. 19 C. J. 928 (§ 127) b." Measured by the rule announced in the above-cited cases, it necessarily follows that the defendant, in the circumstances of the instant case, is estopped to dispute the plaintiff's right to use the passageway delineated upon the plat or blueprint of the Shaw subdivision as a means of ingress and egress to and from his tract, a part of the same subdivision.

(*b*) The allegations of the petition being sufficient to show not only the existence of a nuisance, but a continuing one, the case falls within the principle announced by this court in *Spires* v. *Wright*, 147 *Ga.* 633 (95 S. E. 232); *Dodson* v. *Evans*, 151 *Ga.* 435 (107 S. E. 59); *Town of Rentz* v. *Roach*, 154 *Ga.* 491 (115 S. E. 94); *Barham* v. *Grant*, 185 *Ga.* 601 (196 S. E. 43); *Sullivan* v. *Farlow*, 189 *Ga.* 186 (5 S. E. 2d, 641); *Lockwood* v. *Daniel*, 193 *Ga.* 122 (17 S. E. 2d, 542); *Hall* v. *Browning*, 195 *Ga.* 423 (24 S. E. 2d, 392). In *Barham* v. *Grant*, supra, this court said: "A landowner may . . maintain a suit in equity to enjoin further interference with his means of egress to and ingress from the public highway when such interference amounts to a continuing nuisance or trespass and where an injunction would prevent a multiplicity of suits." And in *Dodson* v. *Evans*, supra, it was held: "But the unlawful closing or obstructing of a private way, like that described in the present petition, is a nuisance, injurious to the property owners whose property abuts on the way . . and such an obstruction to a private way being not only a nuisance but a continuing nuisance, a court of equity has jurisdiction to interpose by injunction to prevent a continuance of the nuisance or the placing of further obstructions in the way."

Nothing held in the present case is in conflict with the ruling made in *Haney* v. *Sheppard*, ante, p. 158, the facts in the two cases being materially different. In the present case the allegations of the petition show not only an obstruction of the private way involved, but also an intention on the part of the defendant to take over the delineated road and appropriate it to his own exclusive use and benefit. See *Hall* v. *Browning*, 195 *Ga.* 423 (supra).

2. Paragraphs 7, 8, 9, 10, 11, 12, 13, and 14 of the petition were demurred to "upon the ground and for the reason that said paragraphs are im-

material and irrelevant." Under the assignment of error these grounds of the demurrer have been examined and are without merit.

*Judgment affirmed. All the Justices concur, except Head, J., who dissents.*

No. 17135. July 11, 1950. Rehearing denied July 24, 1950.

*J. C. Murphy*, for plaintiff in error.
*Howard, Tiller & Howard*, and *J. V. Malcolm Jr.*, contra.