19522. HOLMES *v.* BRUCE *et al.*

SUBMITTED NOVEMBER 13, 1956—DECIDED JANUARY 15, 1957.

*Frank M. Gleason,* for plaintiff in error.

*Maddox J. Hale, W. A. McClure, McClure & McClure,* contra.

ALMAND, Justice. The final judgment here for review is one sustaining general demurrers to a petition seeking injunctive relief and damages. The amended petition in substance alleged: In 1889 the plaintiff's predecessor in title was the owner of a tract of land in the unincorporated town of New England in Dade County, and did divide the tract into lots and streets, and had a map or plat published showing the lots and streets, and recorded the same in the office of the Clerk of Dade Superior Court; that said map or plat of said subdivision designated a strip of land as Eighteenth Street, and said predecessor in title sold off lots abutting on said street; that the plaintiff is the

owner of a tract of land, being a part of said subdivision, holding title to the same by virtue of a deed from Sam York, common grantor of the plaintiff and the defendant of land abutting on Eighteenth .Street; that the plaintiff's deed from York described the property conveyed as bounded for a distance of 700 feet on Eighteenth Street, and the recorded map of said subdivision was referred to in the deed. It was alleged that the public for more than forty years has used this strip of land designated on said map as Eighteenth Street, and said street has been used by the owners of land abutting on the street as a means of ingress and egress to their property; that the plaintiff's land includes two and one-half blocks of land described in the plat of the subdivision, and abuts on Eighteenth Street, and since he acquired this property in 1947, he has been using Eighteenth Street as a means of ingress and egress to his property; that the defendant is engaged in the construction of a building on Eighteenth Street, and if allowed to erect the same, such will amount to a permanent obstruction, blocking the plaintiff's means of entrance to and from his property; that such obstruction has damaged the market value of the plaintiff's property in the sum of $1,500. The prayers of the petition were for an injunction restraining the defendant from continuing with the erection of said building, and for damages.

The allegations in the petition as to the plaintiff's predecessor in title causing to be recorded, in the office of the Clerk of Dade Superior Court, a plat which showed that the owner of the subdivided property designated Eighteenth Street as a street, are sufficient to show an intent on the part of the owner to dedicate this land as a public street. We are of the opinion that the allegations of the petition that the public has used this street as a public thoroughfare for more than thirty-five years, and that the county authorities did, in 1952 and in 1953, grade and repair Eighteenth Street, are sufficient *prima facie* to show an acceptance of this dedication on the part of the county authorities. The allegations in the petition are therefore sufficient to make an issue for the jury as to whether or not the authorities of Dade County have accepted the dedication of this street as a public road. See *Healey* v. *City of Atlanta*, 125 *Ga.* 736, 738 (54 S. E. 749).

The petition further alleges a right in the plaintiff to use Eighteenth Street as a means of ingress and egress to his property which abuts on that street, by virtue of his predecessor in title having laid off lots according to a recorded map or plat, which designated Eighteenth Street as a public street, road, or thoroughfare; and shows that the defendant is placing an obstruction on said street which interferes with the plaintiff's use of the same. The plaintiff, as a successor in title to some of the lots shown on the map or plat, and holding the same as a purchaser under a deed which refers to the recorded map or plat and describes the tract as abutting on Eighteenth Street, acquired the right to use this street as a way to and from his lots, and the defendant has no right to maintain an obstruction on such street. *Ford* v. *Harris*, 95 *Ga.* 97 (22 S. E. 144); *Tietjen* v. *Meldrim*, 169 *Ga.* 678 (151 S. E. 349); *Thompson* v. *Hutchins*, 207 *Ga.* 226 (60 S. E. 2d 455). The allegation that the "New England Land, Coal, Iron & Manufacturing Company" was the owner of the property in 1889, and the allegation that the "New England Company then laid off a part of this land as a subdivision and a map of the subdivision, and caused the map to be published," and sold lots, followed by the allegation in paragraph 7 of the plaintiff's first amendment that he was the successor in title in privity with the original owners and developers of the subdivision, are sufficient to identify the "New England Company" as being "New England Land, Coal, Iron & Manufacturing Company," the owner and developer of the property.

The petition set out a cause of action for equitable and legal relief, and it was error to sustain the defendants' general demurrers. *Atkinson* v. *Kreis*, 140 *Ga.* 52 (78 S. E. 465); *Barham* v. *Grant*, 185 *Ga.* 601 (196 S. E. 43).

> *Judgment reversed. All the Justices concur.*