24197.   DAVIS et al. v. CITY OF VALDOSTA.

Submitted July 10, 1967—Decided July 14, 1967.

*Bennett, Moon & Davis, Alex Davis,* for appellants.

*Tillman, Brice, McTier & Coleman, Henry T. Brice,* for appellee.

Duckworth, Chief Justice.   This amended petition shows that the owner of a tract of land recorded a plat thereof in which it was subdivided into lots and streets and alleys.   He conveyed the lots by deeds which referred to the plat.   Thus is shown a common right of all the purchasers of the lots therein of user of the streets and alleys therein shown.

Two of such purchasers of lots seek to prevent the City of Valdosta from improving the alley on which their lots abut or passing over same and removing obstructions placed therein by them.   The petition is completely silent as to the owners of other lots therein—whether they have used the alley in question,

objected to the obstructions placed therein by these petitioners or requested the city to remove the obstructions for them. Undoubtedly other lot owners had an absolute right to remove obstructions in the alley by their own efforts or by others including the city. They also had the right to use or have used by their agents or servants the alley without obstruction. And the petition fails to show that all they complain of as against the city was not done at the direction, with the permission of, or for the convenience and use of other lot owners who had an undeniable title and interest in the alley for such purposes.

In this factual situation the decision in *Tietjen v. Meldrim,* 169 Ga. 678 (151 SE 349), becomes controlling. At page 697 that opinion reads: "When a grantor sells lots of land, and in his deeds describes them as bounded by streets, not expressly mentioned in the deeds, but shown upon a plat therein referred to as laid out in a subdivision of the grantor's land, he is estopped to deny the grantees' right to use the streets delineated in such plat. *Ford v. Harris* [95 Ga. 97, 22 SE 144]; *Schreck v. Blun,* 131 Ga. 489 (62 SE 705); *Wimpey v. Smart,* 137 Ga. 325 (73 SE 586); *Gibson v. Gross,* 143 Ga. 104 (84 SE 373). By parity of reasoning those claiming under such conveyances are estopped from denying the existence of the streets so delineated upon the plat of the subdivision and given as boundaries of lots acquired by these and others from the grantor or those claiming under him. All persons claiming under such grantor are forever estopped to deny their existence. 19 CJ 928 (§ 127) b." The petition is silent as to uses of the alley by other lot owners or their agents; also as to whether the city was acting as agent or at the request of the other lot owners. No grounds for relief are alleged, and it was not error to sustain the general demurrer and dismiss the petition.

*Judgment affirmed. All the Justices concur.*