28202. GRIFFITH et al. v. C & E BUILDERS, INC.

UNDERCOFLER, Justice. C & E Builders, Inc., filed a complaint against Ronald B. Griffith, Doris A. Griffith and Coley Hayes seeking to enjoin them from maintaining and continuing certain obstructions in a 60-foot street known as Greenwood Drive in the Town & Country Estates Subdivision in the City of Lilburn. The evidence shows that the Griffiths and Coley W. Hayes own lots abutting on said Greenwood Drive and that the last 30 feet of said drive was quit-claimed to them by the City of Lilburn after a resolution was passed by the city authorizing its closing. The charter of the City of Lilburn authorizes the city to close or abandon any street in the city. Ga. L. 1955, pp. 3306, 3316. The evidence of the complainant shows that it owned 29.2 acres of land which abutted Greenwood Drive in the City of Lilburn and that the only means of ingress and egress in the City of Lilburn was through Greenwood Drive which was a public street. After the defendants were deeded the street by the city, the pavement on Greenwood Drive was torn up, the curb raised, grass planted, and a basketball post erected in the middle of the street for the purpose of blocking and obstructing passage on the street and that this obstruction causes special damage to the complainant. The evidence also shows that the complainant had expended $228,000 for its property, that it had a grading permit to grade and prepare the property for construction of apartments, that it had complied with all building and zoning regulations, that a mandamus action was pending against the city to require it to issue a building permit for the proposed apartments (see *City of*

*Lilburn v. C & E Builders,* 231 Ga. 189, ante), and that its purchase and development of this property depended on the use of this street.

The subdivision regulations of the City of Lilburn and Gwinnett County are administered by the Municipal-Gwinnett County Planning Commission. Article IV of the Subdivision Regulations of 1970 provides: "A. Streets. The arrangement, character, extent, width, grade, and location of all streets shall conform to the Master Plan and shall be considered in their relation to existing and planned streets, to topographical conditions, to public convenience and safety, and in their appropriate relation to the proposed uses of the land to be served by such streets. 2. Where such is not shown in the Master Plan, the arrangement of streets in a subdivision shall either: a. Provide for the continuation of appropriate projection of existing principal streets in surrounding areas. . ."

The plat of the Town and Country Estates Subdivision is recorded in the plat records of Gwinnett County and the deeds of the defendants refer to the plat. The recorded plat shows that Greenwood Drive in said subdivision ends at the property now owned by the complainant.

After hearing evidence, the trial court found that the defendants had no right to obstruct Greenwood Drive and enjoined them from doing so. The appeal is from this judgment. *Held:*

1. "When a grantor sells lots of land, and in his deeds describes them as bounded by streets, not expressly mentioned in the deeds, but shown upon a plat therein referred to as laid out in a subdivision of the grantor's land, he is estopped to deny the grantees' right to use the streets delineated in such plat. *Ford v. Harris* [95 Ga. 97, 22 SE 144]; *Schreck v. Blun,* 131 Ga. 489 (62 SE 705); *Wimpey v. Smart,* 137 Ga. 325 (73 SE 586); *Gibson v. Gross,* 143 Ga. 104 (84 SE 373). By parity of reasoning those claiming under such conveyances are estopped from denying the existence of the streets so delineated upon the plat of the subdivision and given as boundaries of lots acquired by these and others from the grantor or those claiming under him. All persons claiming under such grantor are forever estopped to deny their existence. 19 CJ 928, § 127 (b)." *Tietjen v. Meldrim,* 169 Ga. 678, 697 (151 SE 349); *Davis v. City of Valdosta,* 223 Ga. 523 (156 SE2d 345).

2. "Neither the General Assembly nor a subordinate public corporation acting under its authority can lawfully vacate a

public street or highway for the benefit of a private individual. The street or highway can not be vacated unless it is for the benefit of the public that such action should be taken. The benefit may be either in relieving the public from the charge of maintaining a street or highway that is no longer useful or convenient to the public, or by laying out a new street or road in its place which will be more useful and convenient to the public in general. If the public interest is not the motive which prompts the vacation of the street, whether partial or entire, the act of vacation is an abuse of power, and especially would it be a gross abuse of power if it is authorized without reference to the rights of the public and merely that the convenience of a private individual might be subserved." *Marietta Chair Co. v. Henderson,* 121 Ga. 399, 407 (49 SE 312, 104 ASR 156, 2 AC 83); *Dunlap v. Tift,* 209 Ga. 201 (71 SE2d 237).

3. For the reasons given in the foregoing divisions, the trial court did not err in temporarily enjoining the defendants from obstructing the street.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 13, 1973 — DECIDED OCTOBER 4, 1973 — REHEARING DENIED OCTOBER 25, 1973.

*Glyndon C. Pruitt,* for appellants.
*Webb, Fowler & Tanner, W. Howard Fowler,* for appellee.