## 29785. KINNEY v. BROWN et al.

UNDERCOFLER, Presiding Justice.

This appeal is from the denial of mandamus to compel the issuance of a building permit. The county maintains it owns a fifty foot right-of-way. The property involved is a residential subdivision. There is a recorded plat showing right-of-way with notation "not to be opened now." The right-of-way has not been graded, curbed, or paved because the plaintiff has failed to pay the cost of the materials. The trial court held there was a dedication.

In *Lee v. Warren,* 230 Ga. 165, 168 (195 SE2d 909) this court recognized that when a county "has adopted a zoning ordinance . . . zoning ordinances are adopted for 'the public accommodation' as those words are used in Code § 85-410. Therefore, since the 'public accommodation' will be materially affected by the reappropriation of the land impliedly dedicated for street purposes the county has standing to enforce its implied dedication and prohibit its reappropriation by the former feeowner."

The law has long recognized that in situations like this there are three parties at interest, viz., the subdivider, those who bought lots in the subdivision, and the public. *Bayard v. Hargrove,* 45 Ga. 342, 351. Although appellant claims a release or quitclaim deed from the subdivision owners, this does not dispose of the public interest, whatever effect it may have on the rights of the abutting property owners to the dedicated land which is not an issue in this case.

This court has held: "When a grantor sells lots of land, and in his deeds describes them as bounded by streets, not expressly mentioned in the deeds, but shown upon a plat therein referred to as laid out in a subdivision of the grantor's land, he is estopped to deny the grantees' right to use the streets delineated in such plat. *Ford v. Harris* [95 Ga. 97 (22 SE 144)]; *Schreck v. Blun,* 131 Ga. 489 (62 SE 705); *Wimpey v. Smart,* 137 Ga. 325 (73 SE 586); *Gibson v. Gross,* 143 Ga. 104 (84 SE 373). By parity of reasoning those claiming under such conveyances are estopped from denying the existence of the streets so

delineated upon the plat of the subdivision and given as boundaries of lots acquired by these and others from the grantor or those claiming under him. All persons claiming under such grantor are forever estopped to deny their existence. 19 CJ 928 (§ 127) b." *Tietjen v. Meldrim,* 169 Ga. 678, 697 (151 SE 349); *Davis v. City of Valdosta,* 223 Ga. 523 (156 SE2d 345).

We have also held the street or highway can not be vacated unless it is for the benefit of the public that such action should be taken (*Griffith v. C & E Builders,* 231 Ga. 255 (2) (200 SE2d 874); *Marietta Chair Co. v. Henderson,* 121 Ga. 399, 407 (49 SE 312); *Dunlap v. Tift,* 209 Ga. 201 (71 SE2d 237)), and that such dedication can not be abandoned by the dedicatee by mere nonuser. *Harris v. Powell,* 177 Ga. 15 (169 SE 355); *Southern R. Co. v. Wages,* 203 Ga. 502 (2) (47 SE2d 501).

The dedication having been made, the county was without authority to grant the building permit thus recognizing a claim of ownership in appellant.

Therefore the judgment of the trial court is supported by the evidence.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 15, 1975 — DECIDED MAY 20, 1975 — REHEARING DENIED JUNE 17, 1975.

*Harris & Martin, R. Britt Harris, Jr.,* for appellant.
*Webb, Parker, Young & Ferguson, Guy Parker,* for appellees.